Rufus Noyes

*v.*

James Heffernan.

*Filed at Springfield October 30, 1894.*

1. Evidence—*weight of, left to trial court.* It devolves on the court trying a case below without a jury, to scrutinize the testimony and determine its weight, and when this is done the judgment will not be disturbed on review, unless clearly against the evidence.

2. Adverse possession—*to defeat party having legal title—what sufficient.* Adverse possession, to defeat by limitation one having the title, must have been, in its inception and continuously for twenty years, hostile, adverse, visible and exclusive, and acquired and retained under claim of title inconsistent with that of the true owner; but such claim need not be rightful, nor supported by paper title.

3. Propositions of law—*substantial accuracy sufficient.* The holding of a proposition of law not technically accurate, but substantially so, will not reverse, where, from another proposition held upon the same subject, it appears the court was not mistaken as to the law which should govern the case.

Writ of Error to the Circuit Court of Coles county; the Hon. Francis M. Wright, Judge, presiding.

Mr. J. W. Craig, and Mr. L. C. Henley, for the plaintiff in error:

To constitute such possession as will bar the title of the true owner, five elements must concur : First, it must be hostile in its inception ; second, it must be actual; third, it must be visible, notorious and exclusive ; fourth, it must be continuous ; and fifth, it must be under claim of title for the full period of twenty years. *Jackson* v. *Berner*, 48 Ill. 203.

All presumptions of law are in favor of the holder of the legal title to lands, and he will be considered as constructively in possession thereof unless they are proven to be in the actual, hostile occupancy of another, under a claim of title. *Bliss* v. *Johnson*, 94 N. Y. 235.

The claim of an easement, a permissive possession, a tenancy, or the possession of a mere trespasser entering

and holding without claim of title, is not adverse to the rightful owner, and cannot ripen into a title by lapse of time.    *Clark* v. *Courtney*, 5 Pet. 320 ; *Campau* v. *Dubois*, 39 Mich. 274 ; *Sherman* v. *Kane*, 86 N. Y. 57 ; *Davenport* v. *Lebring*, 52 Iowa, 365 ; *Smith* v. *Stevens*, 82 Ill. 554 ; *Turney* v. *Chamberlain*, 15 id. 273.

Discontinuance of the possession restores that of the rightful owner.    *Doe* v. *Thompson*, 5 Cow. 371 ; *Thompson* v. *Burhaus*, 79 N. Y. 99 ; *Bliss* v. *Johnson*, 94 id. 235 ; *Sherman* v. *Kane*, 86 id. 56 ; *Borel* v. *Rollins*, 30 Cal. 408 ; *Olwine* v. *Holman*, 23 Pa. St. 279.

A subsequent entry by the same wrongdoer, and under the same claim of title, constitutes a new disseizin, from which the statute takes a fresh start.    *Olwine* v. *Holman*, 23 Pa. St. 274 ; *Jackson* v. *Leonard*, 9 Cow. 653.

Such possession is adverse only to the extent of the actual enclosure, which must be definite and notorious. Tyler on Ejectment, 894 ; *Bristol* v. *Carroll County*, 95 Ill. 93 ; *Goewey* v. *Urig*, 18 id. 240 ; *Turney* v. *Chamberlain*, 15 id. 273.

Mr. CHARLES BENNETT, Mr. F. M. PHIPPS, and Mr. JAMES F. HUGHES, for the defendant in error :

It is the established doctrine of this court that it is not necessary, in order that possession of land be adverse, that possession must be taken and held under color of title.    *Weber* v. *Anderson*, 73 Ill. 440 ; *Hubbard* v. *Stearns*, 86 id. 35 ; *Schneider* v. *Botsch*, 90 id. 35 ; *James* v. *Railroad Co.* 91 id. 545 ; *Flaherty* v. *McCormick*, 113 id. 538 ; *Overfield* v. *Christie*, 7 Serg. & R. 177 ; *Bowman* v. *Grubbs*, 26 Ind. 419.

Mr. JUSTICE CRAIG delivered the opinion of the court :

This was an action of ejectment, brought by Rufus Noyes, against James Heffernan, to recover a part of the north half of the south-east quarter of section 14, township 12, north, range 7, in Coles county, said tract being more particularly described in the declaration, and being thirty-four feet front and one hundred and forty feet

deep.  The parties, by agreement, waived a jury, and a trial was had before the court, resulting in a judgment in favor of the defendant.   For the purpose of reversing the judgment the plaintiff appealed.

The plaintiff claimed a regular chain of title from the government to himself, while, on the other hand, the defendant claimed twenty years' actual adverse possession of the premises as a bar to the action.   Conceding that plaintiff established a chain of title to the land in controversy from the government to himself, he was not entitled to recover if the defendant held the possession of the land adversely for a period of twenty years before the action was brought, claiming title.

For the purpose of establishing an adverse possession of twenty years the defendant testified: "I am defendant in this cause.   In April, 1860, I took possession of the strip of ground in controversy, it being neutral land, and built a small house, 12x16 feet, on the same and fenced it in, being fifty feet front and one hundred and forty feet back to the alley, south, and occupied it as a dwelling house and shop.   I planted it in garden the next spring and every year thereafter, except while I was in Windsor, Shelby county, Illinois.   The next spring I built an addition to the house on the west, of 8x16 feet. In the spring of 1863 I built another addition on the south side of said building, of 12x24 feet.   I lived there with my family until 1875, when I moved to Windsor, Shelby county, Illinois, and left the property in the hands of Mr. Fisher, of Mattoon, as my agent, to rent it for me until I moved back to it in October, 1882.   The only time it was idle was about two weeks while it was being repaired. In 1884 I got a notice that it had been sold for taxes against one Russell, from 1872 to 1883.   I then redeemed it by paying up all the back taxes, and have paid the taxes on the same since, except, perhaps, once or twice.   When I came back to the property in 1882 I built the little addition on the west, of 10x14 feet, in which I moved my shoe-

shop. I married in August, 1860, and my four children were born there. My wife died there, and I am still living there with my youngest daughter, who is keeping house for me." On cross-examination he further testified : "I always claimed it (the premises in controversy) as mine from the time I took possession of it until the present time, and still claim it."

F. M. Phipps testified on behalf of defendant : "In 1884 or 1885 I moved into property just across the alley south of the property in question, and lived there four or five years. When I moved there Mr. Heffernan had the lot fenced in with a fence consisting of boards, (planks and posts,) which had the appearance, from its decayed condition, of having been there a great many years. The hitching rack spoken of was to the west of, and some few feet from, the west line of the fence around the property in question. Heffernan always put the rear portion of these premises in garden every spring while I lived near it."

For the purpose of rebutting the evidence of the defendant, the plaintiff introduced evidence tending to prove that while the defendant resided at Windsor the fence was down, the doors were off the hinges and the house was used as a privy. It was also proved that one Jones, who kept an oil house near the premises, stored barrels in the place and drove across the lot. But this was without the knowledge of the defendant, and when he returned he removed the barrels and stopped Jones from driving across the premises. There was also evidence that the defendant had stated to different persons that he did not own the land, but this he denied. It is true, in this, as in most all cases, there was a conflict in the evidence, but where the evidence is conflicting it is the duty of the court or jury before whom a trial is had to reconcile the testimony, and determine the case according to the weight of the evidence, and when this has been done the judgment will not be disturbed unless it appears to be clearly against the weight of evidence. Here was

evidence from which the court might find that the defendant entered into possession of the land in April, 1860, enclosed it with a fence and erected a house upon it; that he has occupied the property by himself and tenants, claiming as owner, from that date until the commencement of the action, in October, 1891,—a period of over thirty years.

To constitute an adverse possession sufficient, in law, to defeat the right of action of the party who has the legal title, the possession must be hostile in its inception, and so continue, without interruption, for the period of twenty years. It must be an actual, visible and exclusive possession, acquired and retained under claim of title inconsistent with that of the true owner. It need not, however, be under a rightful claim, nor even under a muniment of title. It is enough that a party takes possession of premises claiming them to be his own, and that he holds the possession for the requisite length of time, with the continued assertion of ownership. (*Turney* v. *Chamberlain*, 15 Ill. 271.) Argument is not required to demonstrate that the evidence of the defendant establishes a defense under the case cited.

It is claimed, however, that the court erred in holding defendant's second proposition of law. The proposition as prepared may not be technically accurate, but its substance, when carefully considered, amounted to this: If the evidence showed that the defendant entered the premises, built a house thereon, and occupied the premises by himself or tenant, claiming to use and control the premises as owner, continuously for twenty years before action brought, then he is entitled to judgment. If we are correct in regard to the construction of the proposition it could not work prejudicial error.

At the request of the plaintiff the court held the following proposition:

2. "That to overcome plaintiff's record title, and bar a recovery by plaintiff, the defendant's possession must

be shown, by a preponderance of the evidence, to have been hostile in its inception, and continued uninterruptedly for the period of twenty years; that such possession must be shown to have been actual, visible and exclusive, acquired and retained, under claim of ownership of the premises in controversy, for the period of twenty years."

This laid down the rule of law under which the court no doubt decided the case, and from its plain language it is evident the court was not misled in regard to the law which should govern the case.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*