### L. C. Young v. James Heffernan.

1. LANDLORD AND TENANT—*When the Tenant May Deny his Landlord's Title.*—The rule that a tenant may not deny his landlord's title has no application when the tenant at the time of executing the lease creating the relation was in possession of the premises under another, and was induced to execute the lease in question by artifice or fraud.

2. PAROL EVIDENCE—*When Competent to Impeach a Lease.*—Upon the trial in an action of forcible detainer, it is competent for the defendant to introduce parol testimony to support his assertion that he was induced to execute the lease creating the relation of landlord and tenant between the parties by reason of the fraudulent misrepresentations of the plaintiff as to material facts affecting the subject-matter of the lease.

Forcible Detainer.—Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed November 21, 1896.

NEAL & WILEY, JAMES W. CRAIG and EDWARD C. CRAIG, attorneys for appellant.

JAMES F. HUGHES, CHARLES BENNETT and F. M. PHIPPS, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellee recovered judgment in forcible detainer against appellant for the possession of a strip of ground fronting

on Broadway street in Mattoon. He produced in evidence a lease signed by himself and the appellant dated February 1, 1892, by the terms whereof appellant leased the premises in controversy from him for the term of one year and agreed to pay him fifty cents per month rent therefor. The lease contained the following stipulation:

"It is further agreed by the parties that in case a certain litigation now pending in the Coles County Circuit Court in the State of Illinois, between Rufus Noyes and said Heffernan, should be decided in favor of Heffernan, then the said L. C. Young hereby agrees to purchase or lease from the said Heffernan 'the said described seventeen feet of land."

Demand for the payment of rent and refusal to pay was proven. Testimony produced by appellant tended to show that when he executed the lease, he was in possession of the premises as tenant of one Rufus Noyes; that he obtained possession from Noyes January 22, 1895, and was engaged in erecting a building upon the ground when appellee's attorney came and told him the ground was in litigation and that he must either execute a lease to appellee or stop his carpenters and workmen from proceeding further with the work of building the house, and that if he would execute the lease, the rent to be paid would be made light until the litigation came to an end and an agreement should be inserted securing to him the right to buy the ground or lease it if appellee prevailed in the court.

Appellant testified that he executed the lease because he believed the statement that the ground was involved in a suit at law, and in order he might proceed with the construction of his building without interruption and be protected against both litigants, and that he afterward learned there was no litigation pending involving the ground and refused to comply with the lease. Noyes testified there was no dispute pending about the land.

Counsel for appellee insist suit was pending and in support of the insistence cited us to the opinion of our Supreme Court in Noyes v. Heffernan, 153 Ill. 339, and appellant's counsel consent the opinion cited may be consulted.

We have examined the opinion referred to and find the premises involved in that case were not those here involved but thirty-four feet of ground adjoining upon the east.

The rule a tenant may not deny his landlord's title has no application if appellant was tenant of and in possession under Noyes when he executed the lease to appellee and was induced to execute the second lease by artifice or fraud. Cox v. Cunningham, 77 Ill. 547; 12 Amer. and Eng. Ency. of Law, 704.

It was competent for appellant to introduce parol testimony to support his assertion that he was induced to execute the lease by fraudulent misrepresentations of appellee as to a material fact affecting the subject-matter of the instrument.

If appellant entered into possession under Noyes and was his tenant, and was afterward induced by fraudulent and false statements of appellee, as claimed, to execute the lease relied upon by the appellee, he was justified in refusing to recognize and be bound by such lease.

Evidence tending to show such was the state of case was produced, but the instructions given by the court were so framed that this defense was not presented to the jury and that the right of appellant to be relieved of the obligation of the lease was declared to be dependent upon the question whether when he executed it he "abandoned his possessions under Noyes," to quote the words of the instructions.

His right was not so dependent if he was induced to abandon his position as tenant of Noyes by the artifice and fraud of the appellee.

The cause of the appellant was improperly prejudiced by this instruction and we are not satisfied but that it contributed to produce the verdict against him. The judgment is reversed and the cause remanded.