EMILY C. LYONS *et al.* Appellants, *vs.* DAVID G. STROUD, Appellee.

*Opinion filed February 20, 1913.*

1. LIMITATIONS—*when the title by twenty years' adverse possession is not divested by party's declarations.* Declarations made by the possessor of land after more than twenty years' continuous possession thereof, to the effect that he did not claim to own the land until after the twenty-year period of possession had elapsed, will not operate to divest him of title acquired by such possession.

2. SAME—*nature of party's possession may be characterized by his acts.* The nature of a party's possession of land may be characterized by his acts as well as by oral declarations, and if he enters into possession and remains in possession continuously for over twenty years, using and controlling the premises the same as would an owner, it is not necessary to prove that he made oral declarations of claim of title.

3. APPEALS AND ERRORS—*when Supreme Court will not reverse a finding of fact.* The Supreme Court will not reverse a finding of fact by the trial court from conflicting evidence in an action of ejectment unless such finding is clearly contrary to the weight of the evidence.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

H. F. DRIEMEYER, for appellants.

W. M. VANDEVENTER, and D. J. SULLIVAN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of St. Clair county in favor of appellee in an action of ejectment brought against him by appellants. The premises described in the declaration are situated in the city of East St. Louis. Appellee pleaded the general issue to the declaration. A jury was waived and the cause heard by the court.

It is conceded appellants have title of record to the premises. Appellee's claim of title is based upon twenty years' adverse possession. It was conclusively proven that he had been in the actual possession of the premises continuously since some time in 1882. The suit was commenced in 1910. Appellee testified that before he took possession of the premises they were occupied by a man named Cartwright, who lived in a two-room house thereon, and the house had the appearance of having been built several years before. The premises were situated near Cahokia creek and were subject to frequent overflows. Appellee testified he did Cartwright some favors, the nature of which he could not remember, except that he loaned him some money and gave him chickens; that Cartwright became disgusted with the place on account of high waters and let appellee have it in consideration of the favors he had done him. Appellee moved into the house and resided therein until the house was destroyed, in 1896. The fence Cartwright had built enclosing the premises had washed away at the time he turned their possession over to appellee and appellee re-fenced them. By the fence he then built he took in about an acre more than Cartwright had fenced, but in the spring of 1883 he moved the fence back to the place it had originally occupied. Appellee has maintained his fences around the premises as located in 1883 down to the present time and has occupied the premises as his home. In addition to the dwelling house he has placed and maintained on the premises a hog house and chicken house. In 1896 a cyclone destroyed his house and fences. He re-built the fences and built a three-room frame dwelling, in which he has resided since its completion. While re-building the improvements he lived on the premises in a tent.

Appellants contend that the possession of appellee was not hostile in its inception and that his possession was not adverse to the owners of the record title. There is no proof of any declaration made by appellee at the time he

took possession of the premises that he did so by virtue of any. claim of right, but all the circumstances proven clearly justify the conclusion that he entered upon the premises by virtue of an agreement with Cartwright, and such entry was hostile to the owners of the record title. If his subsequent possession continued to be adverse to appellants then the bar of the statute was complete.

It appears from the testimony that at the time appellee took possession of the premises they were not very desirable on account of their being subject to frequent overflows from the waters of Cahokia creek. Appellee testified that no one else but Cartwright claimed them, and when he left appellee entered and has ever since remained in possession claiming to own them, and the proof shows he has used and controlled them in the same manner as would an owner. The nature of one's possession may be as well characterized by his acts as by oral declarations. "It is not essential, however, that there should be proof that the party in possession made oral declarations of claim of title, but it is sufficient if the proof shows that he has so acted as to clearly indicate that he did claim title. No mere words could more satisfactorily assert a claim of title than a continued exercise of acts of ownership over the property for a period of more than twenty years. Using and controlling property as owner is the ordinary mode of asserting a claim of title, and it is, indeed, the only proof of which a claim of title to a very large proportion of property is susceptible." *Illinois Central Railroad Co.* v. *Houghton*, 126 Ill. 233. See, also, *James* v. *Indianapolis and St. Louis Railroad Co.* 91 Ill. 554, and *Shaw* v. *Smithes*, 167 id. 269.

Appellants contend that they proved appellee's possession was not adverse for twenty years. This claim is based upon the testimony of the lawyer who brought the suit for appellants and who withdrew from the case before the trial and testified as a witness. He testified that while he was preparing to begin the suit he had a talk with appellee

for the purpose of ascertaining whether it would be necessary to bring an ejectment suit against him, and that appellee said he did not claim to own the property until after he had been there twenty years. A real estate agent in East St. Louis who was the agent of appellants in the collection of the rent and payment of taxes upon appellants' property of which that in dispute forms a part, testified he was present at the conversation between the lawyer and appellee, and that appellee said he never claimed to own the property until after twenty years had elapsed. This was denied by appellee. If the testimony was competent it presented a question of fact to be determined by the court upon the greater weight of the evidence. A reviewing court will not reverse a finding of a trial court upon questions of disputed fact unless the finding is clearly contrary to the weight of the evidence. (*Noyes* v. *Heffernan,* 153 Ill. 339.) But the testimony of appellants' witnesses was of declarations made twenty-eight years after appellee entered into possession of the premises. The twenty years' period had been completed long before it is claimed he made any such declaration, and it would therefore not be sufficient to divest him of his title. This question was before this court in *Carroll* v. *Rabberman,* 240 Ill. 450. In that case the declarations of the party in possession were made before the expiration of twenty years of adverse possession and were held to be competent, but the court said if the statute had run in favor of the party in possession before the declarations were made, his title thus acquired could not be divested by such declarations. The same rule is announced in *Illinois Central Railroad Co.* v. *Wakefield,* 173 Ill. 564.

In our opinion appellee's proof complied with all the requirements necessary to establish title by twenty years' adverse possession, and we find nothing in the record that would justify a reversal of the judgment. It is therefore affirmed.

*Judgment affirmed.*