CLAUDE BAILEY, Plaintiff-Appellant, *v.* ROBERT MEADOR, Defendant-Appellee.

Third District    No. 79-305

Opinion filed December 18, 1980.

Johnson, Martin & Russell and Donald R. Bird, both of Princeton (Watts C. Johnson, of counsel), for appellant.

Karl F. Winkler, of Rockford, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Claude Bailey filed a three-count complaint against defendant Robert Meador in the circuit court of Bureau County. Count I of the complaint sought specific performance of a written agreement to exchange certain real and personal property free and clear of all liens not specifically agreed to be assumed by the parties. Count II sought consequential damages arising from the liens and other payments. Count III sought exemplary damages for the alleged fraudulent placement of the liens and misrepresentation of the title of an exchanged property. Following a bench trial, the court ordered the specific performance of the agreement and awarded plaintiff consequential but not exemplary damages. After entry of this judgment, defendant filed a post-trial motion to determine the sufficiency of plaintiff's transfer of property and the court, following a hearing, ordered plaintiff to transfer additional property. Plaintiff appeals from this latter order and the court's judgment as to count III of the complaint. Defendant cross-appeals from the court's order requiring specific performance of the exchange contract agreement.

The factual setting out of which this and other related litigation has arisen is complex and involved and only those aspects of that setting which are germane to our decision are herein set forth.

Plaintiff was the owner of the Voyager and Holiday 88 motels, respectively located near Princeton and Sheffield, Illinois, and operated by lessees. Defendant was the owner of various farmlands and an automobile dealership located in Rochelle, Illinois. On March 24, 1975, the parties entered into a written agreement whereby plaintiff would exchange his motels for the farmland owned by defendant, subject to certain specified liens and evidence of merchantable title. When plaintiff

furnished a commitment for title insurance, it indicated the presence of liens which defendant had not agreed to assume. When defendant furnished evidence of title, it likewise disclosed liens which plaintiff had not agreed to assume. The situation was further complicated by the refusal of the motels' mortgagee to release certain farmland contiguous to the motels from the motels' mortgage.

As a result of this situation, the parties elected to close their exchange in escrow. This arrangement was established on May 28, 1975, and the parties thereafter took possession of the properties received as a result of the exchange.

After the exchange of possession, additional problems developed. Due to financial problems with his automobile dealership, defendant gave the National Bank and Trust Company of Sycamore a junior mortgage which encumbered properties he had exchanged with plaintiff. Defendant also gave the First National Bank of Rochelle a financing statement which purported to secure growing crops and assets on some exchanged properties. Plaintiff had meanwhile granted a perpetual easement on the Voyager Inn property to the MacDonald Corporation.

After various other legal proceedings in various tribunals, the trial court entered judgment in this cause. Specific performance was ordered and plaintiff was awarded damages in the amount of the additional mortgages, certain mortgage payments, and other costs. No appeal is taken from the court's award of consequential damages.

After the trial court's decision, defendant filed a motion for determination of property transfer alleging that he understood he was to receive certain off premises signs, an additional roadway, and additional parking areas. After a hearing, the court ordered plaintiff to give new deeds to the exchanged property which included the signs and additional parking areas.

Plaintiff's initial assignments of error concern the issue of fraud (count III of the complaint). Plaintiff contends the trial court erred in its ultimate finding that no fraud was here perpetrated and in refusing to admit certain evidence concerning the parties' negotiations.

■▌ The existence of fraud is ordinarily a question of fact to be determined by the trier of fact. (See *Chalkowski v. Szafranski* (1928), 250 Ill. App. 359, 363.) The decision of the trier of fact, once made, will not be disturbed on appeal unless against the manifest weight of the evidence. An examination of the evidence at bar indicates the court's finding as to the existence of fraud is not contrary to its manifest weight. Each of the liens which plaintiff claims were fraudulent was adequately explained to be the result of the rather unusual factual setting here involved. The liens were not prohibited by the written exchange nor escrow agreement and were a matter of public record. Accordingly, we do not believe the trial

146

court's determination that plaintiff failed to prove fraud is against the manifest weight of the evidence.

■■ Plaintiff also argues the trial court erred in excluding evidence relevant to his claims of fraud. The evidence referred to, as shown by an offer of proof, related to a note which the defendant had written on a napkin indicating that one of the properties which had been discussed as a part of the proposed exchange could not be included because his estranged wife had an interest in it. Plaintiff claims the wife did not have any interest and consequently this note supported a claim of a course of deceitful conduct. The court declined to consider this evidence because it was part of the negotiations remote in time from the final agreement and hence irrelevant to any of the specific charges or claims of fraud. While evidence of fraud may be varied and wide ranging (*Standard Manufacturing Co. v. Brons* (1905), 118 Ill. App. 632), we fail to see how this note on the napkin made as a part of the negotiations has any significant relevance to any of the fraudulent claims asserted by the plaintiff. Other property was substituted which was entirely agreeable to the plaintiff, and consequently we believe the evidence was irrelevant and properly excluded.

Plaintiff's next assignment of error concerns the supplemental judgment requiring him to convey additional property to the defendant. Plaintiff contends the court cannot rewrite the agreement of the parties and compel the transfer of property beyond that described in the exchange instruments and deeds of conveyance, and in permitting testimony on this issue.

■■ An agreement, when reduced to writing, must be presumed to speak the intention of the signatory parties. It speaks for itself and is not be be changed by extrinsic evidence. (*Western Illinois Oil Co. v. Thompson* (1962), 26 Ill. 2d 287, 186 N.E.2d 285.) In its judgment order of August 14, 1978, the trial court stated:

> "3. That the Exchange Agreement of March 24, 1975 together with the Escrow Instruction of May 28, 1975 show a complete contract between the plaintiff BAILEY and the Defendant MEADOR as alleged in the Plaintiff's SECOND AMENDED COMPLAINT, and that said contract is supported by adequate consideration and is in all respects complete, definite, equitable and fair and ought to be specifically enforced."

In view of this finding, we hold the court erred in permitting post-judgment testimony on this issue and in ordering the transfer of additional properties.

Having considered plaintiff's assignments of error, we now consider the sole issue presented by defendant in his cross-appeal. Defendant contends the trial court erred in granting specific performance of the contract, as plaintiff was not capable of performance and had either

breached or abandoned the agreement. Defendant further contends that plaintiff was guilty of unscrupulous conduct which should bar this equitable relief.

Before addressing defendant's assignment of error, we note that plaintiff has argued that defendant's cross-appeal is moot as the issue has been resolved by a post-trial settlement agreement and subsequent transfer of property. Defendant had moved to strike those portions of plaintiff's reply brief which refer to these matters as being raised for the first time on appeal and having no basis in the record. While there may be events occurring after the entry of a judgment which might render issues on appeal moot, nonetheless those events or occurrences need be presented in some appropriate form such as a supplement to the record or affidavits. Although the reply brief alludes to facts which the plaintiff argues renders the cross-appeal moot, there is no adequate basis in the record supporting the assertion, and consequently we believe the cross-appellant's motion to strike the reference to these facts should be granted. We accordingly consider the merits of the cross-appeal without considering the effect of the post-judgment transactions between the parties.

■■ Specific performance rests in the sound discretion of the trial court and is determined from the facts and circumstances of each case. (*Fitzpatrick v. Allied Contracting Co.* (1962), 24 Ill. 2d 448, 182 N.E.2d 183.) The remedy is not a matter of right and one seeking to specifically enforce a contract for the sale of real estate must prove that he has complied with its terms, or was ready, willing, and able to comply but was prevented from doing so by the other party to the contract. (*Beesley Realty & Mortgage Co. v. Busalachi* (1963), 28 Ill. 2d 162, 190 N.E.2d 715.) Defendant has presented various arguments concerning plaintiff's capability to perform the contract and his breach or abandonment thereof. However, the trial court specifically found that plaintiff "has performed all things required to be done under the terms of the contract * * *." Our review of the record indicates that this conclusion is not contrary to the manifest weight of the evidence and therefore the judgment will not be disturbed. (*Lyons v. Stroud* (1913), 257 Ill. 350, 100 N.E. 973.) Our examination of the record similarly fails to disclose such unscrupulous conduct as would bar specific performance of the contract. We therefore find no error in the trial court's granting of this remedy.

Accordingly, the judgment of the circuit court of Bureau County of August 14, 1978, is affirmed and its post-trial order of March 27, 1979, is reversed.

Affirmed in part, reversed in part.

ALLOY, P. J., and SCOTT, J., concur.