MIRAR DEVELOPMENT, INC., Plaintiff-Appellee and Cross-Appellant, v. PETER KRONER, JR., *et al.*, Defendants-Appellants and Cross-Appellees.

Third District No. 3—98—0761

Opinion filed August 13, 1999.—Rehearing denied December 10, 1999.

484

Alan R. Bruggeman, David C. Hurst, and Brian G. Hiatt, all of Bruggeman, Hurst & Associates, Ltd., of New Lenox, for appellants.

Steven D. Rakich, of Mokena, for appellee.

JUSTICE KOEHLER delivered the opinion of the court:

The plaintiff, Mirar Development, Inc., cross-appeals from the judgment of the Will County circuit court in its favor on its action to foreclose a mechanics lien, for breach of contract, and *quantum meruit* but denying the plaintiff's attorney fees. The question before this court is: Was the circuit court's denial of attorney fees in error because: (1) attorney fees may be granted under the Illinois Mechanics Lien Act (Act) (770 ILCS 60/17 (West 1996)), as amended; (2) attorney fees may be granted under the construction contract entered into between the plaintiff and the defendants; and (3) Mirar's release and satisfaction of judgment did not render their appeal moot? Because we conclude that the circuit court erred, we reverse.

## FACTS

The plaintiff, Mirar Development, Inc. (Mirar), and the defendants, Peter Kroner, Jr., and Patricia Kroner (Kroners), entered into a writ-

ten contract for construction of a single-family residence which specified that, in the event of litigation to enforce the contract, the successful party is entitled to payment of its attorney fees by the unsuccessful party. After construction was completed, Mirar filed a two-count complaint against the Kroners to foreclose its mechanics lien and to recover for breach of contract. The Kroners counterclaimed for breach of contract, breach of express warranty and breach of warranty of habitability. Subsequently, Mirar amended its complaint to include a count for *quantum meruit*. After trial, the circuit court entered judgment in favor of Mirar for the balance due for labor and materials furnished to the Kroners. The circuit court: (1) concluded that Mirar had a lien claim on the property in the amount of $48,000 plus 10% *per annum* beginning December 20, 1994, the date on which the circuit court determined that Mirar had substantially performed the contract; (2) directed the Will County sheriff to sell the property if the Kroners failed to pay the judgment amount within 10 days of the order; and (3) concluded that the Illinois Mechanics Lien Act provided no basis for the assessment of attorney fees. The Kroners appealed the judgment order and Mirar cross-appealed on that portion of the circuit court's order denying an award of attorney fees. On January 6, 1999, the Kroners tendered $48,000 plus interest. The circuit court ordered Mirar to "furnish defendants a release and satisfaction of the judgment for $48,000.00 plus 10% interest" on the mechanics lien claim. On February 22, 1999, this court granted the Kroners' motion to dismiss their appeal and continued the cross-appeal. On April 14, 1999, the Kroners filed a motion to supplement the record on appeal with the January 6, 1999, circuit court order. The motion was taken with the case.

## ANALYSIS

■ A circuit court has broad discretionary powers in awarding attorney fees and its decision will not be reversed on review unless the court abused its discretion. *In re Estate of Callahan*, 144 Ill. 2d 32, 43-44, 578 N.E.2d 985, 989 (1991). However, although the question *sub judice* is whether the circuit court properly denied attorney fees, the fundamental issue we must decide is whether the circuit court properly applied the law when it denied attorney fees. Where facts are uncontroverted and the issue is the circuit court's application of the law, a question of law is presented, and we review *de novo*. *Bank One, Milwaukee, N.A. v. Loeber Motors, Inc.*, 293 Ill. App. 3d 14, 20, 687 N.E.2d 1111, 1115-16 (1997).

### Waiver/Mootness

■ Does Mirar's acceptance of the Kroners' payment of the judgment prior to Mirar's filing of the appeal constitute waiver? The Kro-

ners filed a motion pursuant to Supreme Court Rule 329 (134 Ill. 2d R. 329) to supplement the brief with the circuit court's order directing Mirar to file a release and satisfaction of judgment. Mirar responds that order was not before the circuit court at the time the judgment order was entered and, therefore, this court should deny the motion. Under Supreme Court Rule 329, a party may "supply omissions, correct errors, and settle any controversy as to whether the record on appeal actually reflects what occurred at the trial level." *Johnson v. Matviuw*, 176 Ill. App. 3d 907, 912, 531 N.E.2d 970, 973 (1988). Where there may be "events occurring after the entry of a judgment which might render issues on appeal moot[,] *** those events or occurrences need be presented in some appropriate form such as a supplement to the record." *Bailey v. Meador*, 91 Ill. App. 3d 143, 147, 414 N.E.2d 279, 283 (1980). Because the Kroners argue that this order makes the Mirar appeal moot, we will grant the motion to supplement the record.

■ Generally, in civil cases when a judgment has been voluntarily paid or its benefits accepted, appeal is waived. *County of Cook v. Malysa*, 39 Ill. 2d 376, 379-80, 235 N.E.2d 598, 600-01 (1968). However, "[i]t would be unfair *** to compel the entry of a satisfaction and then, as a result of the compelled satisfaction, deny the right to appeal." *In re Marriage of Pitulla*, 202 Ill. App. 3d 103, 110, 559 N.E.2d 819, 826 (1990). See also *Herron v. Anderson*, 254 Ill. App. 3d 365, 371-72, 626 N.E.2d 1035, 1040 (1993); *Meyer v. First American Title Insurance Agency of Mohave, Inc.*, 285 Ill. App. 3d 330, 336-37, 674 N.E.2d 496, 499 (1996).

■ In the instant case, the Kroners claim Mirar accepted their payment of the judgment and, therefore, Mirar waived its appeal. However, as evidenced by the circuit court's order directing Mirar to furnish the Kroners a release and satisfaction of the judgment, the satisfaction was compelled and, therefore, does not deprive Mirar of its right to appeal.

## Award of Fees Under the Mechanics Lien Act

■ ■ May the circuit court award Mirar attorney fees under the amended Illinois Mechanics Lien Act? Attorney fees are recoverable when specifically authorized by statute or contract. *Midwest Concrete Products Co. v. La Salle National Bank*, 94 Ill. App. 3d 394, 398, 418 N.E.2d 988, 991 (1981), citing *Qazi v. Ismail*, 50 Ill. App. 3d 271, 273, 364 N.E.2d 595, 596 (1977). Where a law has been amended, the law as it exists at the time of the appeal should be applied unless doing so would interfere with a vested right. *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 289, 664 N.E.2d 36, 40-41 (1996). However, the

primary rule of statutory construction is to give effect to the legislative intent behind it, and in so doing, the language of the statute must be given its plain and ordinary meaning. *Sostak v. Sostak*, 113 Ill. App. 3d 954, 960, 447 N.E.2d 1345, 1349-50 (1983).

■ At the time the parties signed the contract, the Act read in pertinent part:

"The costs of proceedings as between all parties to the suit shall be taxed equitably against the losing party, and where taxed against more than one party, shall be so taxed against all in favor of the proper party but equitably as between themselves; and the costs, as between creditors aforesaid in contests relative to each other's claims, shall be subject to the order of the court, and the same rule shall prevail in respect to costs growing out of the proceedings against and between incumbrances." 770 ILCS 60/17 (West 1994) (prior to amendment).

The Act, as amended, further provides:

"(b) If the court specifically finds that the owner who contracted to have the improvements made failed to pay any lien claimant the full contract price, including extras, without just cause or right, the court may tax that owner *** the reasonable attorney's fees of the lien claimant who had perfected and proven his or her claim.

\* \* \*

(e) This amendatory Act of 1995 applies to any mechanics lien claim that is perfected on or after the effective date of this amendatory Act of 1995." 770 ILCS 60/17 (West 1996) (as amended by Pub. Act 89—253, eff. August 8, 1995).

Mirar apparently argues that its lien claim was perfected prior to the effective date of the Act and, therefore, the amended Act applies in this case because the lien was perfected as of the effective date. However, its interpretation of the amendment is not consistent with the amendment's plain language. Such an interpretation is correct only if the amendment read, "before, on, or after the effective date of this amendatory Act of 1995." Applying the Act, as amended, the way it now exists at the time of appeal, the Mirar claim is excluded because it was perfected prior to the amendment's effective date. Accordingly, we conclude that the circuit court did not err when it concluded that the Act does not provide a basis for awarding attorney fees.

### Attorney Fees Under the Contract

■ Should the circuit court have granted Mirar attorney fees pursuant to the terms of the contract? "Mechanics' liens exist only by virtue of the statute creating them [citation] and the liens act becomes a term of every construction contract between the owner and the contractor for construction of a building." *J&K Cement Construction,*

*Inc. v. Montalbano Builders, Inc.*, 119 Ill. App. 3d 663, 673, 456 N.E.2d 889, 896 (1983). "A mechanics' lien must be based upon a valid contract, and in its absence the lien is unenforceable." *Pascal P. Paddock, Inc. v. Glennon*, 32 Ill. 2d 51, 53, 203 N.E.2d 421, 422 (1964).

■ "The general rule is that an unsuccessful party *** is not responsible for the payment of the other party's attorney fees. [Citations.] However, provisions in contracts for awards of attorney fees are an exception to this rule." *Myers v. Popp Enterprises, Inc.*, 216 Ill. App. 3d 830, 838, 576 N.E.2d 452, 457 (1991). Contract provisions regarding attorney fees are to be strictly construed and enforced at the discretion of the circuit court. *Ferrara v. Collins*, 119 Ill. App. 3d 819, 825, 457 N.E.2d 109, 113 (1983). In construing the contract, "the court must determine the intention of the parties with respect to the payment of attorney fees. [Citation.]" *Jackson v. Hammer*, 274 Ill. App. 3d 59, 70, 653 N.E.2d 809, 818 (1995). Further, the party requesting attorney fees bears the burden of presenting sufficient evidence from which the circuit court can make a decision regarding the reasonableness of the fees. *Tomlinson v. Dartmoor Construction Corp.*, 268 Ill. App. 3d 677, 688, 645 N.E.2d 376, 384 (1994).

■ The construction contract entered into between Mirar and the Kroners expressly states:

> "[I]n the event either party hereto is required to file a law suit to enforce the terms of this Agreement, the successful party in said suit shall be entitled to recover his reasonable attorney's fees and costs from the unsuccessful party."

We have identified no Illinois case supporting the Kroners' position that a contract cannot provide the basis for awarding attorney fees under the Mechanics Lien Act. To the contrary, a mechanics' lien is the product of an express or implied contract and, as noted above, the Act becomes a part of the contract. Indeed, in *Midwest Concrete Products Co.*, 94 Ill. App. 3d at 398, 418 N.E.2d at 991, the Second District granted Midwest attorney fees on its suit to foreclose its subcontractor's lien based on the terms of the subcontract, which included an agreement to pay attorney fees in connection with a default on the subcontract.

We agree with the circuit court that the Act does not provide for attorney fees in this instance. However, the contract does so provide and the Act does not prohibit such a provision. We see no reason not to consider, from the evidence presented, the extent to which Mirar may be entitled to attorney fees. In *Tomlinson*, the parties entered into an agreement that, similar to the agreement in the case at bar, provided that " '[i]n the event that a dispute arises hereunder, the prevailing party shall be entitled to receive from the other party any

and all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party in connection with such dispute.' " (Emphasis omitted.) *Tomlinson*, 268 Ill. App. 3d at 687, 645 N.E.2d at 383. In an action brought for breach of warranties, the *Tomlinson* court concluded that the prevailing party was entitled to an award of attorney fees under this provision. *Tomlinson*, 268 Ill. App. 3d at 687, 645 N.E.2d at 383. Additionally, in *Wilmette Partners v. Hamel*, 230 Ill. App. 3d 248, 265, 594 N.E.2d 1177, 1190 (1992), the First District concluded that the appeal was part of the contract enforcement effort and, where the contract provided for reimbursement of attorney fees, the defendant could be reimbursed attorney fees incurred on appeal.

Pursuant to the circuit court's order, the Kroners and Mirar each presented fee affidavits. Subsequently, the circuit court concluded that the fees had been proven up by affidavit as was agreed by the parties and then determined that attorney fees could not be provided under the Act. We discern no conflict between the Act and the contract's fee-shifting provision; the provision simply mirrors the amended Act. In the case before us, the circuit court simply did not consider the fee-shifting provision and the intent of the parties reflected therein. Accordingly, we conclude that the circuit court erred when it denied attorney fees without considering the contract's fee-shifting provision.

## CONCLUSION

In sum, we conclude that the compelled release and satisfaction does not render the appeal moot and that the circuit court erred when it denied attorney fees solely based upon the Act: although the amended Act does not apply to lien claims perfected before its effective date, the circuit court must give effect to the intent of the construction contract. Accordingly, we reverse and remand to the circuit court to determine whether and to what extent Mirar may be entitled to reasonable attorney fees.

Reversed and remanded.

LYTTON and SLATER, JJ., concur.