2023 IL App (1st) 210458-U

Nos. 1-21-0458 & 1-21-0648

Filed March 2, 2023

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LAURA E. RICE, as Special Representative of MARGARET L. RICE, deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MARATHON PETROLEUM CORPORATION, SPEEDWAY LLC, and MANOJ VALIATHARA, | ) ) ) | No. 18 L 783 |
| Defendants and Third-Party Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| SOUND, INC., ILLINOIS BELL TELEPHONE COMPANY, LLC d/b/a AT&T ILLINOIS, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, COMMONWEALTH EDISON COMPANY, DIRECTIONAL CONSTRUCTION SERVICES, INC., FLAGG CREEK WATER RECLAMATION DISTRICT, LAUREN'S RESTORATION, INC., NICOR GAS, and ROBINETTE DEMOLITION, INC., | ) ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) ) | |
| (Sound, Inc., Illinois Bell Telephone Company, LLC d/b/a AT&T Illinois, Comcast Cable Communications Management, LLC, Commonwealth Edison Company, Lauren's Restoration, Inc., and Robinette Demolition, Inc., Third-Party Defendants-Appellees.) | ) ) ) ) ) ) | The Honorable James M. Varga, Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Rochford concurred in the judgment.

## ORDER

¶ 1   *Held*:   We dismiss as moot consolidated appeals from the circuit court's dismissals of the appellants' third-party claims for contribution when the appellant subsequently settled with the plaintiff but failed to extinguish the third-party defendants' liability to the plaintiff thereby barring the appellants' contribution claims against the third-party defendants pursuant to the Joint Tortfeasor Contribution Act.

¶ 2   Defendants and third-party plaintiffs, Marathon Petroleum Corporation, Speedway, LLC, and Manoj Valiathara (collectively, Speedway)[1] appeal from the circuit court's dismissals of their third-party claims for contribution against third-party defendants Sound, Inc. (Sound), Illinois Bell Telephone Company, LLC (Illinois Bell), Comcast Cable Communications Management, LLC (Comcast), Commonwealth Edison Company (ComEd), Lauren's Restoration, Inc. (Lauren's), and Robinette Demolition, Inc. (Robinette). We find that Speedway's settlement with the plaintiff mooted this matter and, therefore, dismiss the appeals.[2]

¶ 3                                   I. BACKGROUND

¶ 4   This matter stems from an action commenced by Margaret Rice, who sustained injuries from an explosion and fire in her apartment building in October 2017, against Speedway. Rice alleged that gasoline from an underground storage tank at a nearby Speedway gas station infiltrated the sewer system and the explosion and fire resulted when gasoline vapors wafting from the sewer main of Margaret's building ignited. Margaret subsequently died from unrelated causes and her

---

[1]Marathon is the parent corporation of Speedway. Valiathara is the manager of the Speedway gas station at issue.

[2]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

daughter, Laura Rice (Rice), in her capacity as special representative of Margaret's estate, was named as the plaintiff in an amended complaint.[3]

¶ 5        Speedway filed a third-party complaint seeking contribution from several parties based on its allegation that each party contributed to Margaret's injuries. As relevant to the parties in this appeal, Speedway alleged that Illinois Bell, Comcast, and ComEd damaged a sewer line near the gas station when installing their respective utility cables, which allowed the leaked gasoline to reach Margaret's residence. Speedway claimed that Sound failed to install or maintain a sufficient alarm system in Margaret's residence, which would have alerted her to the presence of the gasoline vapors. And Speedway alleged that Lauren's and Robinette destroyed materials from Margaret's residence following the fire, which prevented Speedway from performing a comprehensive investigation of the cause of the explosion and fire.

¶ 6        All six of these third-party defendants reached their own separate $10,000 settlement agreement with Rice. Thereafter, each filed a motion requesting that the circuit court find that the settlements were made in good faith and, upon such finding, dismiss Speedway's contribution claims against them. (A party that settles with a plaintiff in good faith extinguishes the settling tortfeasor's contribution liability pursuant to the Joint Tortfeasor Contribution Act (Contribution Act). 740 ILCS 100/2(d) (West 2016); *Johnson v. United Airlines*, 203 Ill. 2d 121, 128 (2003)). Speedway filed written objections. In orders issued on two separate dates—March 23, 2021, and May 4, 2021—the circuit court found that the settlements were made in good faith and dismissed Speedway's contribution claims against each of the six third-party defendants. The orders included express findings, pursuant to Supreme Court Rule 304(a) (eff. Mar 8, 2016), that no just cause

_____

[3]Rice is not a party to these appeals.

existed for delaying appeal. Speedway filed separate, timely notices of appeal, which were later consolidated.

¶ 7            After Speedway filed its initial brief, Illinois Bell filed a motion to supplement the record on appeal on September 9, 2022. Illinois Bell's motion stated that Speedway settled with Rice while this appeal was pending, and it attached a copy of an order entered in the circuit court on May 25, 2022, granting Rice's motion to enforce the settlement. Citing *Dixon v. Chicago & North Western Transportation Co.*, 151 Ill. 2d 108 (1992), Illinois Bell contended that the settlement between Speedway and Rice mooted this appeal by operation of the Contribution Act (740 ILCS 100/1 *et seq*. (West 2016)), which provides that a settling tortfeasor has no claim of contribution against joint tortfeasors unless the settlement expressly extinguishes those tortfeasors' liability to the plaintiff. Thus, Illinois Bell requested that the record be supplemented with the settlement agreement and release between Speedway and Rice to enable us to assess whether this appeal is moot.

¶ 8            On September 16, 2022, a different division of this court entered an order allowing Illinois Bell's motion to supplement the record. On September 19, 2022, Speedway filed a motion to vacate the September 16 order and for leave to file objections *instanter*. Illinois Bell filed a response opposing Speedway's motion the following day and this court entered an order allowing Speedway's September 19 motion in part: Speedway's request for leave to file objections *instanter* was allowed but its request to strike the September 16 order was taken with the case.

¶ 9            Speedway then filed its "Objections to Motion to Supplement Record on Appeal" (Objections). In this filing, Speedway opposed Illinois Bell's motion to supplement the record with its settlement agreement and release with Rice, contending that such agreement "does not exist." Speedway explains that it never agreed to the document Illinois Bell seeks to add to the record.

Speedway acknowledged that it settled with Rice on March 2, 2022, and the amount is not in dispute. However, according to Speedway, the purported settlement agreement was merely a draft that its counsel had sent Rice's counsel, accompanied by communications indicating that it was merely a draft and was not yet approved by Speedway. Nonetheless, Rice signed the document and subsequently moved to enforce the settlement. The circuit court granted the motion to enforce and ordered Speedway to pay within seven days. Based on these circumstances, Speedway argued that "there is no agreed upon settlement release," *Dixon* does not apply, and the appeal is not moot. Beginning on the fifth page of its Objections, Speedway requests, "in the alternative," to supplement the record with various documents, including an August 24, 2022 circuit court order denying Illinois Bell's motion to supplement the record on appeal, a transcript of a hearing on that motion, a March 2, 2022 circuit court order dismissing Rice's claims against Speedway pursuant to settlement, and e-mail exchanges between counsel for Speedway and counsel for Rice. Copies of these documents were attached to Speedway's Objections. The circuit court transcript incorporates as exhibits e-mail messages related to the "draft" settlement agreement. In another e-mail dated May 25, 2022, Rice's counsel states that Rice will not accept any money from the third-party defendants since she believed Speedway's contribution claims were frivolous and the third-party defendants were not liable.[4]

¶ 10     The following day, September 21, 2022, this court entered an order denying Speedway's motion to vacate the September 16 order, which allowed Illinois Bell's motion to supplement the record on appeal with the settlement agreement between Speedway and Rice. That document was later filed with the Clerk of this court. The settlement did not contain language discharging the third-party defendants' liability to Rice.

---

[4]This document is the subject of a motion to strike, which we later address.

¶ 11        Subsequently, Illinois Bell filed its reply brief arguing, as it had in its motion to supplement the record, that this appeal is moot based on Speedway's settlement with Rice and the Contribution Act. In addition, Illinois Bell argued that the circuit court's finding that the third-party defendants' settlements with Rice were made in good faith. The other third-party defendants adopted Illinois Bell's brief.

¶ 12        Speedway filed a reply brief arguing that this appeal is not moot. As in its Objections, Speedway contends that it did not agree to the settlement agreement with Rice; rather, the document is merely a draft, which Rice signed and sought to enforce in contravention of Speedway's representations that the document was merely a draft. To support this argument, Speedway relies on the documents attached to its earlier-filed Objections and attaches additional copies in an appendix to its brief. In its brief, Speedway asserts that this court's September 20 order took its requests to supplement the record with the case and reiterated that request. In addition, relying on *Mirar Development, Inc. v. Kroner*, 308 Ill. App. 3d 483 (1999), Speedway argues that since the circuit court compelled it to pay the settlement amount, the appeal is not moot.

¶ 13        After Speedway filed its reply brief, Illinois Bell filed a motion to strike Speedway's reply brief in part.[5] Specifically, Illinois Bell argues that the May 25 e-mail from Rice's counsel is not part of the record on appeal and it, along with arguments made in the brief that reference it, should be stricken and disregarded. Illinois Bell also asserts that Speedway has no pending motion to supplement the record.

¶ 14        Speedway filed a response to Illinois Bell's motion to strike its reply brief. Speedway again asserts that the September 20 order took its request to supplement the record with the case and, as

---

[5]The five other third-party defendants joined Illinois Bell's motion to strike.

a result, the request remains pending. Speedway further urges us to consider the May 25 e-mail and the portions of its reply brief that relate to it. We took the motion to strike with the case.

¶ 15                                   II. ANALYSIS

¶ 16                          A. Motion to Strike Exhibit

¶ 17        We first address Illinois Bell's motion to strike the May 25 e-mail attached to Speedway's reply brief. Speedway contends that its request to supplement the record with this e-mail was taken with the case and remains pending. We disagree. Speedway seems to misapprehend the orders of September 20 and 21. Moreover, we believe Speedway's misapprehension stems from its failure to properly file its own motion to supplement the record. Speedway's request to supplement the record appeared in the body of its Objections—a response to Illinois Bell's motion to supplement the record with Speedway's settlement agreement with Rice—and was posed as "alternative" to Speedway's argument that the September 16 order allowing Illinois Bell's motion to supplement should be vacated. The denial of Speedway's motion to vacate the September 16 order did just that: it neither expressly nor impliedly allowed or took with the case Speedway's alternative request to supplement the record.

¶ 18        Rather, Speedway's "alternative" request to supplement the record failed to properly put that request before this court. Illinois Supreme Court Rule 361 (eff. Dec. 1, 2021) governs motions filed in the appellate court. This rule contemplates only a motion, a response, and, when permitted, a reply. *Id.* § (b)(3). Furthermore, the published rules of the First District explicitly require stand-alone motions and prohibit a combined response with a new motion. See Ill. App. Ct., First Dist., R. 4(g) (July 1, 2021) ("A motion shall not include both a request for relief and a response to an already-filed motion. The motion and response must be filed separately. A response to a motion shall not include a new motion or request for new relief."). These rules aim to ensure that

motions are clear and distinct so that there is no ambiguity as to what request for relief is pending before the court and what was allowed or denied when a motion has been ruled upon. Speedway's Objections filing contained both a response to Illinois Bell's motion and a separate request to supplement the record. Plainly, Speedways filing violated the published rules of this court. To supplement the record, it was incumbent upon Speedway to file a motion clearly requesting such relief in accordance with applicable rules. Since Speedway failed to do so, no such motion is pending before us. See *Wauconda Fire Protection District v. Stonewall Orchards, LLP*, 214 Ill. 2d 417, 428 (2005) (the Illinois Supreme Court Rules must be strictly observed in the circuit and appellate courts); *Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶ 37 ("the Illinois Supreme Court rules are not suggestions; they have the force of law and must be followed.").

¶ 19    Further, the court's order of September 20 allowed Speedway to file its Objections to Illinois Bell's motion to supplement the record while only taking Speedway's motion to vacate the September 16 order with the case. No other order took Speedway's request to supplement the record with the case. By taking Speedway's motion to vacate with the case, the court, in its discretion, ruled that it would consider Speedway's untimely response to Illinois Bell's motion before deciding whether the September 16 order should be vacated. See Ill. S. Ctr. R. 361(b)(3) (eff. Dec. 1, 2021) (providing that responses to motions in this court be filed within 5 days after personal or e-mail service, which was certified to have occurred here). In other words, the court had not yet decided whether to vacate the September 16 order until after it considered Speedway's Objections to Illinois Bell's original motion to supplement. When the September 21 order denied Speedway's motion to vacate, it resolved the only pending matter at issue—whether the September 16 order should be vacated.

¶ 20 Apart from the lack of a motion to supplement the record, Speedway contends, without citation to authority, that the May 25, 2022 e-mail should be added to the record on appeal to "include omissions, correct errors, and settle controversies as to whether the record accurately reflects what occurred in the trial court." We disagree. The e-mail message is dated more than a year after entry of the orders that Speedway appeals. It could not possibly reflect on what occurred in the trial court. Rather, Speedway is attempting to use newly discovered evidence to supplement its argument that the plaintiff did not settle with the third-party defendants in good faith. Appellate review is limited to the record as it existed when the circuit court ruled. *Kainrath v. Grider*, 2018 IL App (1st) 172270, ¶ 21. Section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)) enables a party to seek relief from a judgment in the circuit court based on newly discovered evidence that would have precluded entry of the judgment. *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). The circuit court, not this court, is better suited to evaluate evidence and make that determination. See *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 51 (abuse of discretion standard applies to the circuit court's decision on a fact-dependent challenge to a final judgment brought under section 2-1401).

¶ 21 We note that the materials added to the record on appeal by Illinois Bell's motion to supplement are different. While those materials were not before the circuit court when it ruled, they bear on our jurisdiction—whether the appeal is moot. See *Williams v. BNSF Ry. Co.*, 2015 IL 117444, ¶¶ 26-34 (approving supplementation of the record on appeal to establish appellate jurisdiction). They do not bear on the matter that the circuit court ruled upon.

¶ 22 For these reasons, we grant Illinois Bell's motion to strike the May 25, 2022 e-mail attached to Speedway's reply brief. We shall disregard it and the arguments based upon it.

¶ 23 B. Mootness

¶ 24    We turn to consider whether this appeal is moot. Pursuant to the Contribution Act, a tortfeasor who has paid more than their *pro rata* share of common liability is entitled to contribution from other liable tortfeasors. 740 ILCS 100/2(a), (b) (West 2020). However, section 2(e) of the Contribution Act provides that a tortfeasor who settles with a plaintiff "is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." *Id*. § 2(e). A settlement between one tortfeasor and a plaintiff "does not discharge any other tortfeasor from liability *** unless its terms so provide." *Id*. § 2(c). In other words, a settling tortfeasor cannot seek contribution from another tortfeasor unless the settling tortfeasor's settlement with the plaintiff expressly discharges the other tortfeasor from liability to the plaintiff. See *Alsup v. Firestone Tire & Rubber Co.*, 101 Ill. 2d 196, 201 (1984) (interpreting "unless its terms so provide" in section 2(c) to mean other tortfeasors are discharged from liability by settlement only if "designated by name or otherwise specifically identified."). This provision of the Contribution Act abolished the common law rule that a release of one is a release of all tortfeasors; that is, the unqualified release of one tortfeasor automatically released joint tortfeasors by operation of law. *Id*. at 200-01.

¶ 25    *Dixon* presented a similar scenario to the present case. There, defendant North Western[6] appealed the circuit court's dismissal of its claim for contribution from other tortfeasors (the Jeep defendants) upon the court's determination that the plaintiff settled with the Jeep defendants in good faith. 151 Ill. 2d at 114-15. Subsequently, North Western settled with the plaintiff. *Id*. at 115. The Jeep defendants argued that North Western's settlement rendered its contribution claim moot. *Id*. at 115-16. Our supreme court agreed, finding that North Western's settlement barred it from seeking contribution pursuant to section 2(e) of the Contribution Act since the Jeep defendants'

---

[6]The supreme court referred to Chicago & North Western Transportation Co. as "North Western." For clarity, we do the same.

liability was not extinguished by the settlement agreement between North Western and the plaintiff. *Id*. at 116.

¶ 26     We find that *Dixon* is squarely on point. Speedway settled with Rice and the settlement did not extinguish the third-party defendants' liability. Therefore, by operation of the Contribution Act, Speedway is barred from seeking contribution from the third-party defendants. As in *Dixon*, the relief Speedway seeks is reinstatement of its contribution claims. *Id*. at 117. Since such claims are now barred, we cannot grant Speedway that relief even if we were to find in its favor on the merits. Accordingly, this appeal is moot. See *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10 (stating "[a]n appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief.").

¶ 27     We are unpersuaded by Speedway's argument that *Dixon* is not controlling since Speedway disputes the validity of the settlement agreement. Speedway contends that the settlement agreement was merely a draft and that "[t]here is no agreed upon Release and therefore no release-language to analyze." Essentially, this argument attempts to sidestep the Contribution Act's requirement that joint tortfeasors be expressly discharged. If we were to find that Speedway could maintain its contribution claims against the third-party defendants simply due to the lack of an agreed written release, we would effective apply the abrogated common law rule and presume that the release of one is the release of all. That result is contrary to the public policy behind the Contribution Act. *Alsup*, 101 Ill. 2d at 200-01. Applying the Contribution Act, the relevant question is whether the settling parties expressly discharged the other tortfeasors from liability. 740 ILCS 100/2(c) (West 2020). Speedway's assertion that "there is no agreed upon release" underscores that they did not do so. So, even if we were to find that the draft settlement document

was not agreed upon, Speedway's contribution claims would still be barred. For Speedway to maintain its contribution claims, it was incumbent upon Speedway to discharge the third-party defendants' liability when it settled with Rice. Since Speedway failed to do so, it cannot seek contribution.

¶ 28    Likewise, we are unpersuaded by Speedway's argument that we must address the merits of this appeal since the circuit court ordered Speedway to pay the settlement amount. For this contention, Speedway relies on *Mirar Development, Inc. v. Kroner*, 308 Ill. App. 3d 483 (1999). In *Kroner*, a builder sued homeowners to foreclose on a mechanics lien and for breach of a construction contract. *Id*. at 485. The circuit court entered judgment in favor of the builder but denied the builder's request for attorney fees pursuant to a prevailing party fee-shifting provision in the construction contract. *Id*. The homeowners appealed the judgment and the builder cross-appealed the denial of attorney fees. *Id*. While the appeals were pending, the homeowners paid the builder the judgment amount. *Id*. The circuit court then ordered the builder to furnish the homeowners a release and satisfaction of the judgment on its mechanics lien claim. *Id*. The homeowners also dismissed their appeal, but the builder's cross-appeal on attorney fees remained pending. *Id*. The homeowners then argued that the builder's acceptance of their payment of the judgment rendered the builder's appeal waived or moot. *Id*. at 485-86. The court acknowledged that voluntary payment of a judgment or acceptance of its benefits generally waives appeal but found that denying the builder the right to appeal would be unfair since the circuit court compelled the builder to furnish a release and satisfaction of the judgment. *Id*. at 486. The court then went on to address the merits of the appeal. *Id*.

¶ 29    We do not believe that dismissal based on mootness is unfair to Speedway. In *Kroner* and similar cases, dismissal based on mootness would have been unfair since the appellant was

compelled to perform the act that would have otherwise mooted the appeal. See, *e.g.*, *Northbrook Bank & Trust Co. v. Abbas*, 2018 IL App (1st) 162972, ¶¶ 28-29 (finding payment of judgment was compulsory when plaintiff commenced collection proceedings). That did not occur here. Mootness in this case does not result from the court's order compelling Speedway to pay the settlement amount. Rather, mootness results from Speedway's agreement to settle with Rice without expressly extinguishing the third-party defendants' liability. Neither the court nor any other circumstance compelled that: Speedway's own conduct produced that outcome.

¶ 30      To be sure, Speedway could have negotiated and bargained for the discharge of the third-party defendants' liability in its settlement with Rice. Yet, Speedway does not allege, nor does anything in the record before us indicate, that Speedway and Rice actually agreed to or even contemplated extinguishing the third-party defendants' liability in their settlement reached on March 1, 2022.[7] Even so, Speedway could have included an express term extinguishing the third-party defendants' liability in a timely delivered release. Speedway was required to tender a release within 14 days of written confirmation of the settlement. 735 ILCS 5/2-2301(a) (West 2020). It does not appear that Speedway complied with that time frame. The parties promptly submitted an agreed order dismissing Rice's settled claims and that order was entered on March 2, 2022. Based on Speedway's reply brief and its attachments, Speedway did not tender a "draft" release until March 22, 2022, which did not include a term extinguishing the third-party defendants' liability. After Rice filed a motion to enforce the settlement, it appears that Speedway initially opposed but then withdrew its opposition to enforcement of the settlement. This sequence of events reveals that Speedway had ample opportunity to negotiate and secure extinguishment of the third-party defendants' liability in its settlement with Rice but failed to do so. We also observe that Speedway

---

[7]Rice's motion to enforce settlement, filed May 17, 2022, and attached to Speedway's reply brief, states that Speedway and Rice reached a settlement through mediation on March 1, 2022.

does not allege nor does anything before us demonstrate that Speedway was even attempting to include release of the third-party defendants' liability in the settlement with Rice. In any event, under these circumstances, we cannot reasonably find that Speedway was compelled to perform the act that mooted its appeal. Apart from that, this case differs from *Kroner* and similar cases since mootness results from substantive operation of a statute—the Contribution Act—not merely the payment or acceptance of a judgment.

¶ 31                                    III. CONCLUSION

¶ 32        Based on the foregoing, we grant Illinois Bell's motion to strike and dismiss these appeals as moot.

¶ 33        Appeals dismissed.