**Leslie J. RAFFEL, Plaintiff–
Appellant/Cross–
Appellee,**

v.

**MEDALLION KITCHENS OF MINNESOTA, INCORPORATED, a Minnesota corporation, Defendant–Appellee/Cross–Appellant.**

**Nos. 97–1714, 97–1805.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 24, 1997.

Decided March 24, 1998.

---

James K. Gardner, David A. Eide (argued), Neal, Gerber & Eisenberg, Chicago, IL, for Leslie J. Raffel in No. 97–1714.

Arthur M. Martin, Patrick Phillips (argued), Chicago, IL, for Medallion Kitchens of Minnesota, Inc.

David A. Eide (argued), Neal, Gerber & Eisenberg, Chicago, IL, for Leslie J. Raffell in No. 97–1805.

Before CUMMINGS, BAUER and ROVNER, Circuit Judges.

ROVNER, Circuit Judge.

Sometimes in litigation, neither side wins. This is one of those times. The parties dispute the enforceability, in a commercial lease, of a provision granting an $81,648

windfall to the lessor if the lessee fails to pay the rent within thirty days after notice is given of a failure to pay rent timely. We agree with the district court that the provision amounts to a penalty, and that penalties are disfavored under Illinois law. We therefore affirm the district court's judgment in favor of the lessee regarding that provision. We also affirm the district court's finding that neither party was a "prevailing party" under the lease, and neither is thus entitled to attorneys' fees under the lease's prevailing party clause.

## I.

Raffel was the landlord and Medallion was the tenant under the disputed commercial lease. The lease term began on January 1, 1990, and was to end on "the last day of the month that is Sixty (60) months after the commencement date." R. 1–1, Lease para. 1. Raffel argued below that, under this provision, the lease ended on January 31, 1995. Medallion contended that the lease ended on December 31, 1994, and refused to pay rent for January 1995. The district court determined that the lease ended on January 31, 1995, and awarded Raffel one month's rent of $9,584.86 plus a ten percent late charge allowed by the lease. *Raffel v. Medallion Kitchens of Minnesota, Inc.*, 1996 WL 675787, *1 (N.D.Ill. Nov.20, 1996). Neither party contests this finding on appeal. Nor do the parties contest the district court's award to Raffel of late fees for November and December of 1994.

What they do vigorously contest is whether Medallion owes an additional $81,648 under a lease provision described by Raffel as a conditional rent abatement clause and by Medallion as a penalty clause. Apparently, as an inducement to enter into the sixty-one month lease, the lessee was not required to pay rent for the first seven months of the lease. This amounted to approximately $81,648 in rental savings for Medallion. The lease also provided that if the lessee was late in paying rent more than thirty days after notice, "the amount in the arrears of the free rent provided herein is due and payable to

Landlord." R. 27, Ex. C.[1] The district court generously referred to this language as "obscure." *Raffel*, 1996 WL 675787 at *2. Nevertheless, the district court found that the parties intended under this clause to make the amount abated by the free rent provision immediately due and owing if the lessee was ever more than thirty days late (after notice) in paying the rent for one of the non-free months. This payment was due in addition to a ten percent late charge that applied if the lessee was so much as one day late paying the rent.

Having found that this was the intention of the parties, the district court also ruled that the provision was void under Illinois law as a penalty. "For what is this provision that imposes a death penalty for a misdemeanor?" the district court asked. *Raffel*, 1996 WL 675787 at *2. Noting that Raffel was already entitled to a ten percent late charge when the rent was a day or more late, the court noted that the $81,648 payment could not amount to liquidated damages. After all, the ten percent late fee already compensated Raffel for the loss of its rent for more than thirty days. Nor were damages difficult to measure in case of a breach, the typical test for liquidated damages. The district court thus rejected Raffel's characterization of the provision as a condition subsequent rather than a forfeiture. Rather, the district court noted that no matter what Raffel tried to call the provision, it had the legal effect of a forfeiture or penalty, and that Illinois law disfavored forfeitures and penalties. *Id.*, 1996 WL 675787 at *2–3. The district court found that alternatively, Raffel was not entitled to enforce the penalty clause under the "mend the hold" doctrine. The district court acknowledged that the doctrine usually applied to limit the right of a party to a contract to change his litigating position. Here, the court employed the doctrine to prevent the lessor from taking a different position in litigation than it had taken in its dealings with the lessee over the course of the lease. Because Raffel had never sought to enforce the penalty clause against Medallion in the course of the lease, the district court held

---

1. This provision was contained in a separate letter agreement supplementing the lease. The letter is incorporated by reference into the lease agreement.

that, under the "mend the hold" doctrine, it would not allow Raffel to do so now. *Id.*, 1996 WL 675787 at *3–5.

The district court also found that neither party was entitled to attorneys fees under the prevailing party clause of the lease. That clause provided that "[i]f either party hereto institute[s] any action or proceeding to enforce any provision hereof by reason of any alleged breach of any provision of this Lease, the prevailing party shall be entitled to receive from the losing party all reasonable attorneys' fees and all court costs in connection with such proceeding." R. 1–1, Lease para. 19.D. Both parties claimed entitlement to attorneys' fees under this provision. Raffel claimed that prevailing on his claim for an additional month of rent and the additional late fees, for a judgment totaling $13,384.86, entitled him to attorneys' fees. Medallion claimed victory because it successfully defended against the penalty of $81,648. The court noted that under Illinois law, a party is considered the prevailing party for the purpose of awarding fees when that party is successful on any significant issue in the action and achieves some benefit in bringing suit, receives a judgment in his favor or obtains an affirmative recovery. *Jackson v. Hammer*, 274 Ill.App.3d 59, 210 Ill.Dec. 614, 623, 653 N.E.2d 809, 818 (1995). The district court here held that "the case is a draw on the prevailing party issue." *See* Transcript of Proceedings, No. 95 C 5374, Feb. 13, 1997, at p.4. Under *Jackson*, the court held, Raffel did not win on the significant issue in the case, the penalty of $81,648, even though judgment was entered in Raffel's favor and he did recover more than $13,000. The court then noted that Medallion lost on its counterclaim, did not obtain judgment in its favor nor any affirmative recovery.[2] Therefore, the court denied both parties' motions for attorneys' fees.

## II.

On appeal, Raffel contends that the district court erred in finding that the $81,648 payment constituted a forfeiture that was void under Illinois law. Medallion argues that the district court's ruling is supported both by Illinois law relating to forfeitures or penalties and by the "mend the hold" doctrine. Raffel and Medallion have filed cross-appeals on the issue of entitlement to attorneys' fees under the prevailing party clause of the lease.

### A.

■ We review *de novo* the district court's grant of summary judgment in favor of Medallion on the issue of the penalty clause. *Green v. Shalala*, 51 F.3d 96, 99 (7th Cir. 1995). The parties agree that forfeitures or penalties are disfavored under Illinois law. *See Telenois, Inc. v. Village of Schaumburg*, 256 Ill.App.3d 897, 195 Ill.Dec. 117, 120, 628 N.E.2d 581, 584 (1993) (a term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty); *First Nat'l Bank and Trust Co. of Evanston v. First Nat'l Bank of Skokie*, 178 Ill.App.3d 180, 127 Ill.Dec. 390, 396, 533 N.E.2d 8, 14 (1988) ("the law abhors a forfeiture and will not enforce a forfeiture clause in a contract if an injustice would result therefrom"). The source of their disagreement is whether the provision requiring Medallion to pay the full amount of the seven months of abated rent constitutes a penalty, and is therefore void under Illinois law, or whether it is liquidated damages or some other kind of payment allowable under Illinois law. Raffel, of course, argues that payment of the first seven months of rent was excused only on the condition that Medallion pay the other months' rent in a timely fashion. Medallion contends that no matter how Raffel characterizes the provision, it is grossly disproportionate to the harm suffered if Medallion is late in paying, and is thus an unenforceable penalty.

■ Whether a provision for damages is a penalty clause or a liquidated damages clause is a question of law. *Lake River*

2. Medallion vacated the property before the end of the lease term, but continued to pay rent, albeit late. Medallion later determined that Raffel had permitted a corporation solely owned by Raffel to occupy the leased space rent free. Me-

dallion filed a counterclaim based on Raffel's acceptance of the early surrender of the leased premises. The district court denied Medallion any relief on this counterclaim.

*Corp. v. Carborundum Co.*, 769 F.2d 1284, 1290 (7th Cir.1985). Illinois courts resolve doubtful cases in favor of classification as a penalty. *Id.* We begin by considering the language in the lease giving rise to the payment:

> As a material inducement for your company to enter into the above-referenced lease agreement, [the landlord] hereby waives the base-rental payments as set forth in Paragraph 2A of the lease agreement for the first seven (7) months of the lease term. However, in the event Medallion Kitchens is in default in the payment of rent for a period of more than 30 days from notice, the amount in the arrears of the free rent provided herein is due and payable to Landlord.

R. 26, Exhibit C. According to Raffel, a late fee equivalent to seven months' rent merely compensates him for those first seven months. We cannot agree. The plain terms of the provision contradict this reading. Raffel is already compensated for the seven months' rent by Medallion's concession of entering into an extended lease term of sixty-one months. Therefore, the $81,648 payment would compensate Raffel for something other than the first seven months. We need look no further than the second sentence of the provision to determine its true purpose: the amount becomes due and owing if Medallion is ever more than thirty days late (after notice) in payment of rent. Thus, the provision is meant to ensure Medallion's performance of its obligation to pay rent timely under the lease.

The Illinois Supreme Court directs us to "look to see the nature and purpose of fixing the amount of damages to be paid, and if it appears to have been inserted to secure the prompt performance of the agreement it will be treated as a penalty and no more than actual damages proved can be recovered." *Advance Amusement Co. v. Franke*, 268 Ill. 579, 109 N.E. 471, 472 (1915). *See also Telenois*, 195 Ill.Dec. at 120–21, 628 N.E.2d at 584–85 ("if the purpose of a clause fixing damages is merely to secure a party's performance, it will be treated as a penalty and only actual damages proven can be recov-

ered."). In addition to the language of the provision itself, which suggests that the purpose of the damages is to ensure Medallion's prompt payment of rent, we are also directed to consider the amount of the damages in proportion to the harm caused by the breach. Where a damages clause is designed to assure the plaintiff more than its actual damages, and where the amount of the damages is invariant to the gravity of the breach, then the damages clause is not a reasonable effort to estimate damages, and is a penalty. *See Lake River*, 769 F.2d at 1290. *See also Advance Amusement*, 109 N.E. at 472 (where the damages are not difficult to ascertain and the stipulated damages are unconscionable, the damages will be regarded as a penalty); *Saunders v. Michigan Ave. Nat'l Bank*, 278 Ill.App.3d 307, 214 Ill.Dec. 1036, 1043, 662 N.E.2d 602, 609 (1996) (a contract clause setting unreasonably large liquidated damages is an unenforceable penalty, violating public policy).

We agree with the district court that the contract provision calling for a ten percent late fee if the rent is paid even one day late fully compensates Raffel for payments that are more than thirty days late. Thus, the $81,648 fine ensures the lessor more than his actual damages. Second, the amount of the damages is invariant to the gravity of the breach. Whether the rent is thirty days late or a year late, the late fee is the same unreasonably large amount: seven times the monthly rent. In combination with our conclusion that the purpose of the clause is to ensure performance rather than compensate the landlord for actual damages, we thus conclude that under the standards articulated above, the additional $81,648 can only be categorized as a penalty. As such, it is unenforceable under Illinois law.[3]

### B.

This brings us to the prevailing party issue in the same posture in which the district court faced the issue. That is, Raffel has prevailed on his claim for one month's additional rent, and for three months' worth of the ten percent late fee. Raffel has also prevailed on Medallion's counterclaim. But Raffel has failed in the most significant claim

---

3. Because we resolve this issue using principles of Illinois law regarding penalties, we need not address the district court's alternative holding under the "mend the hold" doctrine.

before the court, the $81,648 penalty claim. Medallion has prevailed on that claim, while losing Raffel's bid for additional rent plus late fees. And of course, Medallion has failed on its counterclaim.

The district court called it a draw, and we are inclined to agree. Under Illinois law, whether to award attorneys' fees is a decision within the sound discretion of the trial court, and that decision will not be disturbed on appeal absent an abuse of discretion. *Michigan Ave. Nat'l Bank of Chicago v. Evans, Inc.*, 176 Ill.App.3d 1047, 126 Ill.Dec. 245, 252, 531 N.E.2d 872, 879 (1988). "A party can be considered a 'prevailing party' for the purposes of awarding fees when he is successful on any significant issue in the action and achieves some benefit in bringing suit, receives a judgment in his favor, ... or by obtaining an affirmative recovery." *Grossinger Motorcorp, Inc. v. American Nat'l Bank and Trust Co.*, 240 Ill.App.3d 737, 180 Ill.Dec. 824, 835, 607 N.E.2d 1337, 1348 (1992) (internal citations omitted). *See also Jackson*, 210 Ill.Dec. 614, 653 N.E.2d at 818 (same); *Tomlinson v. Dartmoor Constr. Corp.*, 268 Ill.App.3d 677, 206 Ill.Dec. 371, 378, 645 N.E.2d 376, 383 (1994) (same). As we noted, although Raffel recovered an additional month of rent and three months of late fees, he was not successful on the most significant issue in the litigation, the penalty clause. And although Medallion successfully defended against the penalty clause, it failed on its counterclaim, and also lost on Raffel's claim for additional rent and late fees. The district court noted that the parties spent a "stunningly identical amount of time" on the case, and that in the court's opinion, "neither [party] obtained a judgment in its favor nor any affirmative recovery on balance." *See* Transcript of Proceedings, No. 95 C 5374, Feb. 13, 1997, at pp. 4–6. In so ruling, the district court applied the correct standards under Illinois law, and we see no abuse of discretion in the court's finding that the case was essentially a draw. Therefore, we affirm the district court's judgment in whole.

AFFIRMED.