# Illinois Official Reports

## Appellate Court

*Oak Forest Properties, LLC v. RER Financial, Inc.*, 2018 IL App (1st) 161704

| | |
|---|---|
| Appellate Court Caption | OAK FOREST PROPERTIES, LLC, Plaintiff and Counterdefendant-Appellee, v. RER FINANCIAL, INC., and MAURICE RODGERS, Defendants and Counterplaintiffs-Appellants. |
| District & No. | First District, First Division<br>Docket No. 1-16-1704 |
| Filed | September 24, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-M6-3809; the Hon. Robert J. Clifford, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James R. Stevens, of Chuhak & Tecson, P.C., of Chicago, for appellants.<br><br>Zubair A. Khan and Jennifer Kimball, of Trivedi & Khan, P.C., of Chicago, for appellee. |
| Panel | JUSTICE GRIFFIN delivered the judgment of the court, with opinion.<br>Presiding Justice Mikva and Justice Pierce concurred in the judgment and opinion. |

**OPINION**

¶ 1       Plaintiff Oak Forest Properties, LLC, and defendant RER Financial, Inc. (RER Financial), entered into a commercial lease agreement. Plaintiff agreed to divide one of its building units into two spaces, and RER Financial agreed to lease one of the two spaces once the unit was divided. After multiple modifications to the lease agreement and disputes over delays in construction and inspection, the parties' contractual relationship broke down. RER Financial exercised its option to terminate the lease agreement, and the parties sued each other in the circuit court of Cook County.

¶ 2       Plaintiff filed a complaint against defendants RER Financial and Maurice Rodgers for breach of contract, breach of guaranty, and unjust enrichment. Defendants filed a two-count counterclaim for breach of contract, alleging that plaintiff failed to timely divide the commercial unit and that it leased another commercial unit in the same strip mall to a competing business. Defendants also sought the return of RER Financial's security deposit. Both parties asked the trial court to award attorney fees to the "prevailing party" as provided by the lease agreement.

¶ 3       Following a two-week bench trial, the trial court ordered plaintiff to return RER Financial's security deposit and denied all of the parties' remaining claims. The trial court ruled that each party was responsible for its own attorney fees because neither party had prevailed in the litigation. We affirm.

¶ 4                                  BACKGROUND

¶ 5       Plaintiff, a landlord that operates a strip mall in Oak Forest, Illinois, and RER Financial, a franchisee of a consumer tax preparation business, entered into a commercial lease agreement. Plaintiff agreed to divide one of its building units into two spaces and to bear its own construction costs. RER Financial agreed to lease one of the two spaces and accepted responsibility for the interior construction of its space, once the unit was divided.

¶ 6       The lease agreement required plaintiff to finish construction before RER Financial started its interior build-out, but the parties discarded the requirement and combined their efforts to both divide the unit and build-out the interior space. The parties agreed to use the same contractor and a single building permit for all of the construction work. The parties' contractual relationship broke down. Following multiple modifications to the lease agreement and disputes over delays in construction and inspection, RER Financial exercised its option to terminate the lease agreement if plaintiff failed to deliver possession of the property by a date certain.

¶ 7       Plaintiff filed a complaint in the circuit court of Cook County against RER Financial and individual defendant Maurice Rodgers, who had personally guaranteed the lease agreement. The complaint pleaded three causes of action: breach of contract, breach of guaranty, and unjust enrichment. Plaintiff sought damages in an amount of $167,385. Defendants filed a two count counterclaim for breach of contract. In count I, defendants alleged that plaintiff's failure to timely divide the unit interrupted their business operations and caused them to suffer lost revenue. Defendants sought $120,827 in damages. In count II, defendants alleged that plaintiff leased a unit to a competing tax preparation business and sought damages in an amount to be determined at trial. Defendants also sought the return of RER Financial's security deposit

($3403.60). Both parties asked the trial court to award attorney fees and costs to the prevailing party. Unable to settle the case, the parties proceeded to trial.

¶ 8    Following a two week bench trial, the trial court ruled that both parties had succeeded in defeating each other's claims: RER Financial had properly exercised its option to terminate the lease agreement, and plaintiff had not breached the lease agreement. The trial court described the parties' contractual relationship as "a rather hellacious scenario" and denied all but one of their claims: the security deposit claim. The trial court ordered plaintiff to return RER Financial's security deposit because "the contract [called] for the return of the security deposit" and, despite two weeks of lay and expert testimony, the parties' offered "absolutely no evidence about any damage to the unit that would warrant the keeping of the security deposit." The trial court ruled that both parties were responsible for their own attorney fees:

> "I don't see simply the return of the security deposit under these particular circumstances as the defendant necessarily prevailing to the extent that he should be awarded attorney's fees *** [i]t simply is not substantial enough to make that—or warrant an award of attorney's fees *** each party is responsible for their own fees."

Defendants appeal this ruling.

¶ 9                                    ANALYSIS

¶ 10    The issue on appeal is whether the trial court erred when it ruled that each party was responsible for its own attorney fees because no party prevailed in the case.

¶ 11    The parties dispute the applicable standard of review. Defendants argue that we review the trial court's decision *de novo*, while plaintiff contends that the applicable standard of review is an abuse of discretion. *Mirar Development, Inc. v. Kroner*, 308 Ill. App. 3d 483, 485 (1999) (whether the trial court properly applied the law when it denied attorney fees presented a legal question that the appellate court reviewed *de novo*); *Peleton, Inc. v. McGivern's, Inc.*, 375 Ill. App. 3d 222, 226 (2007) (whether a party prevailed in the trial court involves an application of the facts to the law). Because the trial court applied the terms of the lease agreement to the facts, we review the trial court's ruling for an abuse of discretion. *Peleton*, 375 Ill. App. 3d at 226.

¶ 12    Illinois follows the "American rule," which prohibits a prevailing party from recovering its attorney fees from the losing party absent an express statutory or contractual provision. *Forest Preserve District v. Continental Community Bank & Trust Co.*, 2017 IL App (1st) 170680, ¶ 31. Accordingly, contracts that provide for an award of attorney fees to the prevailing party are in derogation of common law and must be strictly construed. *Id.* The lease agreement here contained a provision allowing the "prevailing party" in a lawsuit to recover reasonable attorney fees and costs.

¶ 13    A prevailing party is one that is successful on a significant issue and achieves some benefit in bringing suit. *Peleton*, 375 Ill. App. 3d at 227; *Powers v. Rockford Stop-N-Go, Inc.*, 326 Ill. App. 3d 511, 518 (2001) (plaintiff did not prevail where the issue was not significant relative to either the value of the remaining claims, their complexity, or the time devoted to the other issues at trial). Where, as here, a "dispute involves multiple claims and both parties have won and lost on different claims, it may be inappropriate to find that either party is the prevailing party and an award of attorney fees to either is inappropriate." (Internal quotation marks omitted.) *Timan v. Ourada*, 2012 IL App (2d) 100834, ¶ 29.

- 3 -

¶ 14    Defendants argue that the trial court improperly inserted a "magnitude test" into the lease agreement's attorney fees provision and incorrectly applied that test because the successful return of a security deposit is a *per se* significant issue. Defendants cite *Naperville South Commons, LLC v. Nguyen*, 2013 IL App (3d) 120382, in support of their argument that the trial court erred in denying their request for attorney fees.

¶ 15    We hold that the trial court did not err when it ruled that the return of RER Financial's security deposit was not significant in relation to the parties' unsuccessful claims. The case was a draw, and the return of the security deposit was not a significant issue. *Powers*, 326 Ill. App. 3d at 515 (citing *Raffel v. Medallion Kitchens of Minnesota, Inc.*, 139 F.3d 1142, 1147 (7th Cir. 1998) (trial court did not abuse its discretion in deciding not to award attorney fees where the case was essentially a draw)). In terms of the relative value, complexity, and time devoted to the issues at trial, the security deposit issue simply did not compare to the parties' breach of contract issues. *Powers*, 326 Ill. App. 3d at 518.

¶ 16    Plaintiff and defendants asked the trial court to award damages in the amounts of $167,385 and $120,827, respectively. The value of the security deposit was $3403.60. While the complex breach of contract issues were litigated over the course of a two week bench trial that included expert testimony, the security deposit issue was simplistic, and the trial court returned the security deposit because it had "no evidence whatsoever about any damage to the unit *** that would warrant keeping the security deposit." The record clearly indicates that the parties focused their time and efforts on proving and defending their respective breach of contract claims, not the security deposit claim.

¶ 17    We reject defendants' argument that the trial court improperly included a new term or "magnitude test" into the attorney fees provision of the lease agreement. The significant issue test is the means by which Illinois courts determine whether a party prevailed in a case and is entitled to attorney fees. *Peleton*, 375 Ill. App. 3d at 227. We also reject defendant's invitation to hold that the return of a security deposit is a significant issue *per se*. In a case involving multiple claims for relief, the significant issue test is a comparative analysis: significance is determined by weighing the relative value and complexity of the issues presented and the amount of time the parties devoted to each issue. No single claim is significant in and of itself.

¶ 18    We also find that defendants' reliance on *Naperville South Commons* is misplaced. That case involved a landlord that lost its forcible entry and detainer action because "the tenant owed nothing at the time of the five-day notice." *Naperville South Commons*, 2013 IL 120382, ¶ 17. The trial court awarded attorney fees to the tenant as the prevailing party. *Naperville South Commons* makes no mention of a security deposit and involved the landlord's single unsuccessful claim for unpaid rent. We have no such situation here, where the parties filed multiple competing claims and lost all but one.

¶ 19    Accordingly, the trial court did not err when it determined that an award of attorney fees in favor of either party was not warranted.

¶ 20                                CONCLUSION

¶ 21    We affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.