# Illinois Official Reports

## Appellate Court

---

### *Tanna Farms, L.L.C. v. Golfvisions Management, Inc.*,
### 2018 IL App (2d) 170904

---

| | |
|---|---|
| Appellate Court Caption | TANNA FARMS, L.L.C., Plaintiff-Appellee, v. GOLFVISIONS MANAGEMENT, INC., Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-17-0904 |
| Filed | June 21, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 17-LM-38; the Hon. Thomas J. Stanfa, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael M. Roth and Michael D. Pisano, of Ice Miller LLP, of Lisle, for appellant.<br><br>Kate L. McCracken, of Hoscheit, McGuirk, McCracken & Cuscaden, P.C., of St. Charles, for appellee. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Justices Zenoff and Jorgensen concurred in the judgment and opinion. |

## I. BACKGROUND

The plaintiff, Tanna Farms, L.L.C., is the owner of the Tanna Farms Golf Course. In 2010, it leased the golf course to the defendant, Golfvisions Management, Inc., a company that manages golf courses.

In January 2017, the plaintiff filed suit against the defendant under the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-101 *et seq.* (West 2016)). The complaint alleged that the defendant had breached the lease by failing to pay monthly rent and real estate taxes and failing to repair sewer lines.

In February 2017, the plaintiff moved for summary judgment in its favor on the basis that it had served the defendant with a five-day notice for past-due rent and it was undisputed that the defendant did not pay that rent until after the expiration of the five-day period. The following month, the defendant filed a cross-motion for summary judgment. That motion argued that the plaintiff had waived its legal rights because it had, after the expiration of the five-day period, (1) accepted payment of the past-due rent and real estate taxes, (2) stated that it would drop the lawsuit if an additional $35,541.66 were paid, and the defendant subsequently paid (and the plaintiff acknowledged receiving) that amount, and (3) accepted payment of the most recent monthly rent, thereby bringing the defendant's account current. The plaintiff's response acknowledged that these payments had been made, but argued that the payments were accepted in order to mitigate the plaintiff's damages rather than in waiver of the plaintiff's legal right to proceed with the lawsuit.

Thereafter, despite a flurry of discovery and motions by both parties for the imposition of sanctions, the parties began to engage in settlement talks. Agreed orders were entered in April and June 2017, postponing the hearing on the cross-motions for summary judgment in light of "continuing attempts to resolve the outstanding issues."

On July 10, 2017, one week before the scheduled hearing date, the plaintiff filed a motion to voluntarily dismiss its case pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2016)). The motion noted that no trial date had been set and stated that, if the voluntary dismissal was granted, the plaintiff would pay the defendant's court costs as required by section 2-1009. The motion stated that the plaintiff sought a dismissal without prejudice.

On July 17, 2017, the scheduled date for hearing the cross-motions for summary judgment, the court first addressed the plaintiff's motion to voluntarily dismiss the case. The defendant objected to such a dismissal on the grounds that there were pending dispositive motions that could provide it with a judgment on the merits, and that, if a dismissal without prejudice were entered, the plaintiff could again bring suit against it. The plaintiff's attorney stated that his request for a dismissal without prejudice was inadvertent and that the plaintiff had meant to seek a dismissal with prejudice. The plaintiff's attorney argued that there was no substantive difference between such a dismissal and any outcome that the defendant could achieve, even if the cross-motions for summary judgment were heard:

> "If you grant the motion for involuntary [*sic*] dismissal that I have filed, what is going to be the end result? The end result is that the tenant, which manages the Tanna Farms Golf Course, will remain as the tenant and will continue operating under the

terms of the lease agreement, which is attached to our complaint, which is clear and which goes on for years. If you grant the defendant's motion for summary judgment after denying our motion for involuntary [*sic*] dismissal, what's going to happen? The tenant is going to stay at the property and the tenant is going to continue to operate under the terms of the lease agreement between the parties, which is clear and which is in effect for many years."

The plaintiff's attorney later alluded to "facts and circumstances that have arisen at the golf course since we filed this case" that had allayed the concerns that had given rise to the lawsuit, with the result that the plaintiff was "very comfortable with proceeding with the tenancy." Accordingly, the plaintiff would be willing to include a statement in the dismissal order to the effect that, as of now, there were no existing violations of the lease. The trial court granted the motion for a voluntary dismissal. The written order entered that day stated that the plaintiff's motion to voluntarily dismiss the case with prejudice was granted, and that "judgment for costs for Defendant is entered pursuant to 735 ILCS 5/9-114."[1]

¶ 8    On August 18, 2017, the defendant filed a motion for attorney fees and costs, asserting that it was the prevailing party in the litigation and was thus entitled to recover not only "costs" of $1918.97 (an amount greater than the defendant's court costs, which had already been tendered by the plaintiff) but also attorney fees of $85,831 pursuant to section 2.14 of the lease between the parties. That provision stated:

> "In the event that it becomes necessary for either party hereto to employ legal counsel and bring legal proceedings to enforce any provision of this Lease Agreement, the prevailing party in such proceedings shall be paid all costs and all reasonable attorney's fees by the non-prevailing party."

The plaintiff argued that its voluntary dismissal did not make the defendant the "prevailing party" under the lease. The trial court agreed and denied the defendant's motion for attorney fees:

> "I find that the defendant in this instance, in these facts, is not a prevailing party. I believe that the time that I ruled on the plaintiff's motion to voluntary [*sic*] nonsuit with prejudice, that that did not set in motion the switch which then put the defendant as a prevailing party."

Although issues relating to sanctions motions remained pending in the trial court, the trial court found that there was no reason to delay immediate enforcement or appeal of its order denying attorney fees. This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    The defendant contends that the trial court erred in finding that it was not the prevailing party and therefore was not entitled to recover its attorney fees under the lease. We begin by determining the proper standard of review to be applied.

¶ 11    The defendant argues that, as its appeal relates to a contract term ("prevailing party"), we should review the trial court's ruling *de novo*, as we would any issue of contract interpretation. See *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100,

---

[1]That section requires that, when a plaintiff voluntarily dismisses a claim under the Act, "judgment for costs shall be entered in favor of the defendant." 735 ILCS 5/9-114 (West 2016).

129 (2005). But this argument is incorrect. The *de novo* standard of review is proper to the extent that the trial court's ruling rested on its interpretation of a contract, such as a lease. *Peleton, Inc. v. McGivern's, Inc.*, 375 Ill. App. 3d 222, 225 (2007). However, when the ruling involves the application of contract terms to the facts at hand, that is a matter within the sound discretion of the trial court, and we review its ruling only for an abuse of that discretion. *Id.* at 226. An abuse of discretion occurs when a ruling is arbitrary, fanciful, or unreasonable, when no reasonable person would take the view adopted by the trial court, or when the ruling rests on an error of law. *People v. Olsen*, 2015 IL App (2d) 140267, ¶ 11.

¶ 12 This court has long held that the determination of whether a party qualifies as the "prevailing party" for the purpose of awarding attorney fees is subject to the abuse of discretion standard of review. See, *e.g.*, *Timan v. Ourada*, 2012 IL App (2d) 100834, ¶ 29; *Powers v. Rockford Stop-N-Go, Inc.*, 326 Ill. App. 3d 511, 515 (2001); *Med+Plus Neck & Back Pain Center, S.C. v. Noffsinger*, 311 Ill. App. 3d 853, 861 (2000). As this is the central issue in this appeal, we apply the more deferential abuse of discretion standard of review to the trial court's determination that the defendant was not, under the facts of this case, the prevailing party entitled to attorney fees.

¶ 13 "A prevailing party, for purposes of awarding attorney fees, is one that is successful on a significant issue and achieves some benefit in bringing suit." *J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 325 Ill. App. 3d 276, 280 (2001). "[A] litigant does not have to succeed on all its claims to be considered a prevailing party." *Peleton*, 375 Ill. App. 3d at 227. However, when both parties have experienced success on various aspects of the litigation, it may be appropriate to find that neither party is the prevailing party. *Id.* at 227-28.

¶ 14 The defendant first argues that it must be considered the prevailing party because the order entered on July 17, 2017, entered "judgment for costs for Defendant." It contends that, as it received judgment in its favor, it must be considered the prevailing party. But the July 2017 order granted the defendant a judgment only as to costs, not on any other issue. The payment of court costs by a party seeking to voluntarily dismiss its claims is a routine matter and one that was uncontested by the plaintiff, not a significant issue in the litigation between the parties. See *Esker*, 325 Ill. App. 3d at 280 (to be a prevailing party, the party must have achieved success on a significant issue). Thus, the award of costs to the defendant does not show that it was the prevailing party in the litigation.

¶ 15 The defendant next asserts that it was the prevailing party because it achieved a substantial benefit in the litigation, as the dismissal with prejudice represented a concession by the plaintiff that it would not pursue its claims any further. The defendant makes much of the fact that the voluntary dismissal with prejudice permanently disposed of all of the plaintiff's claims, arguing that such a dismissal is for all practical purposes the same as judgment in its favor on all claims. Indeed, the plaintiff's attorney conceded during the July 17, 2017, hearing that the practical effect of the voluntary dismissal would be the same as if summary judgment were entered for the defendant. However, the defendant's argument ignores the reality that the plaintiff had already achieved success on most of its claims as a result of the litigation. After the plaintiff filed suit, the defendant paid the past-due rent and real estate taxes that the plaintiff claimed were due. Although the plaintiff did not obtain the sewer repairs that it sought in its complaint, it did obtain payment of the two other items (the rent and taxes) that it sought.

¶ 16    As both sides achieved success on some issues, the trial court had a sound basis for its determination that the defendant was not the prevailing party. See *Peleton*, 375 Ill. App. 3d at 227-28; see also *Powers*, 326 Ill. App. 3d at 515 ("when the dispute involves multiple claims and both parties have won and lost on different claims, it may be inappropriate to find that either party is the prevailing party and an award of attorney fees to either is inappropriate"). Accordingly, we cannot find that that determination was an abuse of discretion, *i.e.*, that the ruling was arbitrary, fanciful, or unreasonable; that no reasonable person would take the view adopted by the trial court; or that the ruling rested on an error of law. *Olsen*, 2015 IL App (2d) 140267, ¶ 11.

¶ 17                                      III. CONCLUSION
¶ 18    For the reasons stated, the judgment of the circuit court of Kane County is affirmed.

¶ 19    Affirmed.