2023 IL App (1st) 221080-U

No. 1-22-1080

Order filed March 16, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| APX DEVELOPMENT GROUP, INC. and DYNAMIC BUILDERS, LLC, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | 2020 M1 121165 |
| 606 CHICAGO PROPERTIES, LLC, | ) ) | Honorable H. Yvonne Coleman, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court abused its discretion by finding there was no prevailing party in the litigation.

¶ 2    This appeal stems from a breach of contract action brought by plaintiffs-appellants APX Development Group, Inc. and Dynamic Builders, LLC (plaintiffs), against defendant-appellee 606 Chicago Properties, LLC (defendant). The trial court found that despite awarding plaintiffs monetary relief, neither plaintiffs nor defendant was a "prevailing party." As a result, the court

determined that plaintiffs were not entitled to attorney fees under the fee-shifting provision found in the parties' contract.

¶ 3    The question presented herein is of a singular nature. Did the trial court err when it determined that neither party of this dispute was the prevailing party? For the reasons that follow, we answer this question in the affirmative.[1]

¶ 4                                    I. BACKGROUND

¶ 5    On April 9, 2019, plaintiffs executed a contract with defendant to purchase a parcel of real property located at 7654 W. Berwyn Avenue, Chicago. Paragraph 9(a) of the contract provided for the proration of real estate taxes based on a percentage "of the most recent ascertainable full year tax bill." In Cook County, real estate taxes are paid one year in arrears.[2]  Here, because the property was previously used a church, it had been exempt from being assessed real estate taxes.

¶ 6    The parties executed a "Real Estate Tax Reproration Agreement" (reproration agreement) on May 7, 2019, modifying the proration provision as a safeguard against the possibility that future real estate taxes might be substantially higher than estimated. Pursuant to the agreement, if the county assessor determined that a tax liability exceeding $100 was assessed during the time defendant owned the property, defendant would be responsible for that liability. Defendant placed $5,400 in escrow to guarantee this obligation. For their part, plaintiffs were required to give defendant notice of any amounts due within thirty days after "the final installment of real estate taxes is due." The transaction closed the following day.[3]

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

[2]Cook County assesses real estate taxes in arrears, meaning that taxes paid in the 2000, are based on assessed property value in 1999, and are the taxes owed for 1999. See, *e.g.*, *Greenwood Associates, L.P. v. Perry*, 399 F. 3d 1317, 1318 (Fed. Cir. 2005).

[3]A real estate closing is "the final transaction between the buyer and seller, whereby the conveyancing documents are concluded and the money and property transferred." Black's Law Dictionary 311 (10th ed. 2014).

¶ 7    On September 22, 2020, plaintiffs' attorney gave defendant notice that the county assessor had assessed the property for tax years 2018 and 2019. The real estate tax liability for 2018 was $17,404.46, and the prorated tax for 2019 was $8,550.88. Plaintiffs claimed that the total tax liability was $25,995.34, and plaintiffs sent defendant a demand letter for that sum. Despite repeated demands, defendant nonetheless refused to satisfy the outstanding tax bill.

¶ 8    Plaintiffs filed suit for breach of contract on October 30, 2020. Plaintiffs alleged that defendant breached the contract by failing to pay the real estate taxes when they became due, as agreed in the reproration agreement. In response, defendant filed an answer and asserted the affirmative defense of mutual mistake.

¶ 9    Defendant claimed that "[t]he tax valuation amounts later assessed by the Cook County Assessor's Office were never contemplated by the parties during the formation of the [reproration] agreement." Defendant maintained, however, that at the time the parties negotiated the reproration agreement, they "considered" that the funds held in escrow, were "more than sufficient to satisfy any future tax assessment."

¶ 10    Defendant asserted that this constituted a mutual mistake of material fact made during the formation of the reproration agreement, which rendered the agreement null and void. Defendant argued that the agreement should either be rescinded or reformed. As relief, defendant requested the trial court either dismiss the breach of contract action with prejudice or order that the funds held in escrow be released to plaintiff in total satisfaction of the reproration agreement.

¶ 11    Plaintiffs filed a motion for summary judgment on April 12, 2021. In the motion, plaintiffs argued that the parties never agreed that defendant's tax liability would be limited to the amount of funds held in escrow. Plaintiffs further claimed that defendant's affirmative defense of mutual mistake failed as a matter of law. Plaintiffs contended that a mutual mistake must concern a fact

3

in existence at the time the agreement was entered into, rather than a mistake about the amount of a future tax bill. Plaintiffs argued that a party cannot be mistaken about the amount of a tax bill that does not exist.

¶ 12    Following briefing, the trial court heard arguments on the motion for summary judgment. The arguments were taken under advisement and the matter was continued for disposition on October 8, 2021.

¶ 13    On October 1, 2021, one week prior to the scheduled disposition date, defendant filed a motion to dismiss the breach of contract action with prejudice, pursuant to section 2-619(a)(6) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(6) (West 2018)). Relevant, here, section 2-619(a)(6) of the Code allows for the involuntary dismissal of a claim when "the claim set forth in the plaintiff's pleading has been *** satisfied of record." *Id.*

¶ 14    In its motion to dismiss, defendant asserted that the damages calculations contained in plaintiffs' complaint "were based on erroneously issued tax bills." Defendant claimed that it had contacted the Cook County Treasurer's Office, which "correctly adjusted" the tax bills. The 2018 tax bill was corrected and reduced to "$0." The tax bill for 2019, which was due August 3, 2020, was corrected to reflect that it was delinquent and had accrued interest due to plaintiffs' failure to pay the bill. Defendant requested that the breach of contract claim be dismissed with prejudice and that the funds held in escrow be released to plaintiff. Defendant further requested that, as the prevailing party, plaintiffs be ordered to pay its attorney fees.

¶ 15    The trial court allowed briefing on defendant's motion to dismiss and continued both the motion to dismiss and motion for summary judgment to January 25, 2022. At that hearing, the court denied the motion to dismiss but continued to take the motion for summary judgment under advisement.

¶ 16    On March 29, 2022, defendant filed a second motion to dismiss pursuant to section 2-619(a)(6) of the Code; the motion was styled as an emergency. In its motion, defendant presented proof that it had paid the 2018 tax liability as well as its prorated share of the 2019 tax liability. Defendant contended that plaintiffs' breach of contract claim was therefore moot and should be dismissed with prejudice.

¶ 17    The trial court ordered the parties to submit a Joint Statement of Remaining Issues and allowed plaintiffs to submit a fee petition. In addition, the court ordered that the funds held in escrow be released to plaintiffs.

¶ 18    The parties filed a "Joint Statement of Remaining Issues," outlining their respective positions. Plaintiffs no longer sought payment of the tax bills, but instead sought an order from the trial court directing defendant to pay interest on the portion of the tax bill that had previously been outstanding. Plaintiffs also sought attorney fees and costs related to bringing the action. Defendant's position was that no fees were owed and that the matter was moot.

¶ 19    The trial court heard arguments and, on July 12, 2022, entered a final judgment in favor of plaintiffs in the amount of $993.98. This amount represented the penalties and interest due on defendant's portion of the 2019 tax obligation on the property from January 1, 2019 through the closing date of May 8, 2019. In its ruling, the court denied plaintiffs' request for attorney fees, based on its finding that neither party was a prevailing party. Plaintiffs timely appealed.

¶ 20                                    II. ANALYSIS

¶ 21    The pivotal issue raised in this appeal is whether the trial court erred when it found there was no prevailing party in the litigation. The parties disagree as to what standard of review applies. Defendant argues that a *de novo* standard of review is appropriate because plaintiffs' breach of contract claim became moot after the taxes were paid, and thus the trial court was not required to

interpret the fee-shifting provision in the parties' contract. We disagree.

¶ 22 The determination of whether a party qualifies as a "prevailing party" for purposes of awarding attorney fees is subject to an abuse of discretion standard of review. *Timan*, 2012 IL App (2d) 100834, ¶ 29; *Powers v. Rockford Stop -N-Go, Inc.*, 326 Ill. App. 3d 511, 515 (2001). A trial court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable, or where its ruling rests on an error of law. *Urban Partnership Bank v. Chicago Title Land Trust Co.*, 2017 IL App (1st) 162086, ¶ 15.

¶ 23 "A party is considered to be a prevailing party if he succeeds 'on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit.' " *Cameo Convalescent Center, Inc. v. Senn*, 738 F. 2d 836, 846 (7th Cir. 1984) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "A party can be considered a prevailing party for the purposes of a fee award when it is successful on any significant action and achieves some benefit in bringing suit, receives a judgment in its favor, or obtains an affirmative recovery." *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2021 IL App (1st) 200753, ¶ 100; *Aliano v. Transform SR LLC*, 2020 IL App (1st) 172325, ¶ 27 (same).

¶ 24 " 'To qualify as a prevailing party, a plaintiff must succeed in obtaining some relief from the defendant against whom attorney fees are sought.' " *Timan v. Ourada*, 2012 IL App (2d) 100834, ¶ 29 (quoting *Community Consolidated School District No. 54 v. Illinois State Board of Education*, 216 Ill. App. 3d 90, 94 (1991)). " 'A successful litigant is still considered the prevailing party under a fee-shifting provision even if the judgment amount is below the amount claimed.' " *Timan*, 2012 IL App (2d) 100834, ¶ 29 (quoting *Powers v. Rockford Stop -N-Go, Inc.*, 326 Ill. App. 3d 511, 515 (2001)).

¶ 25 In this case, after plaintiffs filed their action for breach of contract, they obtained a court

order directing that the funds placed in escrow by defendant be released to them. Thereafter, defendant subsequently presented proof that it paid the 2018 tax liability as well as its prorated share of the 2019 tax liability. The trial court ultimately entered a final judgment awarding plaintiffs $993.98, which constitutes a clear benefit to plaintiffs. This amount represented penalties and interest assessed as a result of defendant's failure to timely pay the 2019 taxes.

¶ 26    Under these facts, we hold that the trial court abused its discretion in finding that plaintiffs were not a prevailing party. We find that plaintiffs achieved a benefit in bringing the lawsuit and that they were the only party to receive a money judgment. "[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

¶ 27    In most instances, the prevailing party in a lawsuit is not entitled to reimbursement for attorney fees and costs. See, *e.g.*, *McCormick v. McCormick*, 180 Ill. App. 3d 184, 212 (1988) ("As a general rule, Illinois courts look with disfavor upon assessing fees against a losing party"). However, the law does recognize certain exceptions. Illinois courts follow the "American Rule," whereby attorney fees may be awarded when authorized by statute or by contractual agreement. *Uncle Tom's, Inc. v. Lynn Plaza, LLC*, 2021 IL App (1st) 200205, ¶ 72; *Pepper Construction Co.*, 2021 IL App (1st) 200753, ¶ 99. Here, the parties' contract contained a fee-shifting provision, which provided in relevant part that, "[T]he prevailing party in litigation shall be entitled to collect reasonable attorney fees and costs from the non-prevailing party as ordered by a court of competent jurisdiction."

¶ 28    We find that, as the prevailing party, plaintiffs are entitled to collect reasonable attorney fees under the fee-shifting provision in the parties' contract.

¶ 29    As an aside, plaintiffs suggest that if we rule in their favor, they should be awarded the attorney fees incurred in bringing this appeal. We decline to do so. The sole issue in this appeal is

who prevailed on the underlying cause of action. The identity of the prevailing party is ancillary to the issue brought before the circuit court—whether defendant was responsible for the outstanding tax assessment on the property. Accordingly, plaintiffs are not entitled to the attorney fees associated with this appeal.

¶ 30                                III. CONCLUSION

¶ 31     For the foregoing reasons, we reverse the trial court's determination that there was no prevailing party and remand for the court to calculate reasonable attorney fees and costs pursuant to the fee-shifting provision in the parties' contract.

¶ 32     Reversed and remanded, with directions.